Douglass *v.* Stahl.

Opinion delivered February 21, 1903.

1. United States Commissioner—Power to Issue Warrant.—A United States commissioner appointed for a district in Arkansas is authorized to issue a warrant for the arrest of a person in such district for an offense committed in the Indian Territory against the laws of the United States.  (Page 239.)

2. False Imprisonment—Mistaken Identity.—A marshal is not guilty of false imprisonment in arresting one by virtue of a warrant properly describing him by name, although he proves not to have been the person intended, if there was nothing to apprise the marshal of such fact.  (Page 240.)

3. Warrant of Arrest—Validity.—A warrant of arrest issued by a United States commissioner is not void because it improperly describes such commissioner as a commissioner of the circuit court of the United States.  (Page 241.)

Appeal from Crawford Circuit Court.

Jeptha H. Evans, Judge.

Affirmed.

*Chew & Fitzhugh,* for appellant.

The Indian Territory has no districts or district courts, within the meaning of the statute authorizing arrest and re-

moval of offenders from òne district to another. 20 Fed. 298; R. S. (U. S.) § 1014. The courts of the Indian Territory are simply United States courts, and not district or circuit courts. 1 Supp. R. S. p. 670, §§ 1, 5, 16. The warrant was void on its face, for want of authority of the commission to issue; and it afforded no protection to the marshal. 1 Bish. Cr. Prac. § 187; 6 Barr, 260; 8 Minn. 477; 11 Ark. 642; 6 Ark. 461; 34 Ark. 110; 13 Mass. 286; 5 Wend. 171. The warrant was void also because it purported to be issued by a "commissioner of the circuit court," whereas said office was not then in existence. Act Còng. May 28, 1896; 2 Supp. R. S. No. 6, 1895-1896, p. 485, § 19. Appellant was not the man wanted, and the act of appellee was a false imprisonment. Bish. Non-Cont. Law, § 213; 80 Ia. 365; 3 Camp. 35; 17 S. W. 772; 46 S. W. 915.

*F. A. Youmans,* for appellee.

The issuance of a warrant for any offense against the United States is authorized by statute. R. S. § 1014. The crime charged here was such a crime. R. S. § 5339. The general criminal laws of the United States are effective in the Indian Territory. 1 Supp. R. S., § 31, p. 735 The provisions of the chapter including § 1014 *supra* govern courts in the Indian Territory. Act Cong. March 1, 1889. The Territory has been divided into circuits. 2 Supp. R. S. 329; 28 St. L. 693. The removal was authorized. 3 Sawy. 262. The misdescription of the commissioner did not invalidate the warrant. 2. Am. & Eng. Enc. Law (2d Ed.) 901; 22 L. R. A. 653; 49 Mass. 326; 98 Mass. 4; 2 Blachf. 127; 21 Am. Dec. 195.

BATTLE, J. Robert Douglass was indicted in the United States circuit court for the Northern district of the Indian Territory for murder committed in that district on the 15th day of December, 1897. The marshal of the district thereupon wrote to the sheriff of Franklin county, in this state, for information as to the whereabouts of the defendant, and, by way of identification, stated that his father had a stiff arm. The sheriff replied that he resided about twelve miles from Ozark, in this state. The marshal in the Indian Territory then sent a copy of the indictment and the letter of the sheriff to Solomon F. Stahl, the marshal of the Western district of Arkansas, and requested him to cause Douglass to be arrested. Stahl then wrote to the sheriff, referred

to his letter to the marshal in the Indian Territory, and asked for information as to the whereabouts of Douglass. The sheriff replied, gave the defendant's place of residence, and stated that he was at home. M. C. Mechem, a deputy of Marshal Stahl, upon receipt of the letter of the sheriff, made complaint before H. B. Armistead, a United States commissioner, and he issued a warrant in the words and figures following:

"United States of America.
"Western District of Arkansas.

"The President of the United States to the Marshal of the Western district of Arkansas, Greeting:

"Whereas, complaint on oath has been made before me charging that Robert Douglass did, on the 15th day of December, A. D. 1897, in the Indian Territory, Northern district, commit the crime of murder, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States,

"Now, therefore, you are hereby commanded, in the name of the President of the United States of America, to apprehend the said Robert Douglass, and bring his body forthwith before me, commissioner appointed for said district, whenever he may be found, that he may be dealt with according to law for said offense.

"Given under my hand, Fort Smith, Arkansas, this 17th day of August, 1899.

"H. B. ARMISTEAD, .
"Commissioner of the circuit court of the United States."

The warrant was delivered to Deputy Marshal Lunsford, who went to Ozark, saw the sheriff, and was directed by him to a Mr. Wells, as a man who could conduct him to the place where Douglass resided. In company with Wells, Lunsford went to the place where Douglass lived, arrested him, took him to Fort Smith, Arkansas, obtained a commitment for him, and put him in jail.

After this witnesses were brought from the Indian Territory who testified that Douglass, the prisoner, was not the man who had been indicted for murder; and he was released. He then brought an action against Stahl for false imprisonment. The defendant recovered judgment, and the plaintiff appealed.

Appellant contends as follows:

First. That a United States commissioner appointed for a district in a state is not authorized to issue a warrant for the arrest of a person in such district for an offense committed in the Indian Territory against the laws of the United States.

Second. That the warrant in question was not issued for appellant.

Third. That the warrant is void.

First. The first contention is not true. Section 1014 of the Revised Statutes of the United States is to the contrary, and provides as follows: "For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be; for trial before such court of the United States as by law has cognizance of the offense. * * * And where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

And section 19 of the act of Congress of May 28, 1896, provides: "That the terms of office of all commissioners of circuit courts heretofore appointed shall expire on the thirtieth day of June, eighteen hundred and ninety-seven; and such office shall on that day cease to exist. * * * It shall be the duty of the district court of each judicial district to appoint such number of persons, to be known as United States commissioners, at such places in the district as may be designated by the district court, which United States commissioners shall have the same powers and perform the duties as are now imposed upon commissioners of the circuit court." 29 Statute at L. 184.

The United States courts for the northern, central and southern districts of the Indian Territory are courts of the United States, within the meaning of those words as used in section 1014 of the Revised Statutes of the United States, vested with jurisdic-

tion of all offenses committed therein against the laws of the United States. They were established and organized under acts of Congress, sit in a territory belonging to the United States, and exercise such jurisdiction only as was conferred upon them by that government. Such courts having exclusive jurisdiction of certain offenses committed in their districts against the United States, the offender may, under section 1014 of the Revised Statutes of the United States, be arrested, in any district of the United States where found, by authority of a warrant of a United States commissioner, and removed to the districts in the Indian Territory for trial by such courts. *United States* v. *Haskins,* 3 Sawyer, 262; *In re Buell,* 3 Dillon, 116. As to organization and jurisdiction of courts see 25 U. S. Statutes at Large, p. 783, § 1; 26 U. S. Statutes at Large, p. 96, §§ 33, 35; 28 U. S. Statutes at Large, p. 693, § 1, p. 694, § 2, p. 697, § 9.

Our attention has been called by appellant to section 41 of the act of Congress of May 2, 1890, which provides: "That the judge of the United States court in the Indian Territory shall have the same power to extradite persons who have taken refuge in the Indian Territory charged with crimes in the states or other territories of the United States that may now be exercised by the governor of Arkansas in that state, and he may issue requisitions upon governors of other states and other territories for persons who have committed offenses in the Indian Territory, and who have taken refuge in such states and territories."

From this he argues that a commissioner outside of the territory can not issue a warrant for the arrest of a person for a crime committed therein. This is not the effect of section 41. It is not inconsistent with section 1014 of the Revised Statutes of the United States, and there is no statute, so far as we know, repealing or modifying the latter section.

Second. The facts in this case show that the warrant issued by Armistead was procured for the arrest of appellant. He was properly described by name, and his father had a stiff arm, as the father of the indicted is said to have had; and there was no evidence that there was any other person of the same name in the same locality at the time the warrant was issued or executed.

Third. Was the warrant issued by Commissioner Armistead for the arrest of appellant fair upon its face? If it is, appellee was protected in its execution, and is not liable for damages on account of false imprisonment. "By this," says Mr. Justice Cooley,

"is not meant that it shall be perfectly regular, and in all respects in accord with proper practice, and after the most approved form; but what is intended is that it shall apparently be process lawfully issued, and such as the officer might lawfully serve." Cooley, Torts, 459. Mr. Freeman says: "The true rule on this subject is, that a ministerial officer, proceeding regularly and without abusing or exceeding his authority, will be protected in the execution of process committed to him, unless such process is void on its face by reason of apparent want of jurisdiction of the subject matter, or person, or precept, or by reason of some defect of substance in the language of the writ." *Savacool* v. *Boughton,* 21 Am. Dec. 181, and notes. To the same effect this court held in *Trammell* v. *Town of Russellville,* 34 Ark. 105.

The warrant in question is not void for want of jurisdiction of the officer issuing it. It is said that it is void because after the signature of the commissioner appears the designation, "commissioner of the circuit court of the United States for the Western district of Arkansas." In the body of the warrant he designates himself "commissioner appointed for said district." The warrant is fair upon its face. The designation by the commissioner of himself as "commissioner of the circuit court of the United States" was a clerical error, and did not render the warrant invalid. There was no such officer as commissioner of the circuit court of the United States at the time it was issued. That office had been abolished, and the office of United States commissioner had been substituted for it. Armistead was a United States commissioner. The marshal, appellee, was bound to take notice of that fact, and that there was no such officer as a commissioner of the circuit court of the United States, and in taking notice of these facts he must have known, as the fact was, that Armistead had committed a clerical error in using the words "of the circuit court" in the designation of his office.

Judgment affirmed.