CAMPBELL *v.* HYDE.

Opinion delivered October 25, 1909.

FALSE IMPRISONMENT—ARREST BY VIRTUE OF WRIT.—Imprisonment by virtue of a legal writ in due form, issued by a court of competent jurisdiction and served in a lawful manner, does not constitute false imprisonment, even though it was improvidently or wrongfully issued.

Appeal from Jackson Circuit Court; *Joseph W. Phillips, Special Judge;* reversed.

STATEMENT BY THE COURT.

Appellee sued appellant for false imprisonment, alleging that on or about the 23d day of November, 1907, in the city of Newport, Jackson County, Arkansas, defendant did forcibly, falsely, maliciously and against his will, arrest, without warrant or other legal process, and imprison him and restrain him of his liberties for three days, or thereabout. That, by reason of said false arrest and imprisonment, maliciously committed by appellant against appellee, he suffered great shame, was greatly injured in his good name, reputation and standing, and otherwise suffered great injury, to his damage in the sum of $10,000, for which amount he prayed judgment.

Appellant filed an answer, in which he denied the allegations of the complaint; and for defense set up the following; That he was a police officer of the city of Newport, Arkansas, and as such it was his duty to serve warrants of arrest on persons charged with violating the criminal laws in said city, and with violating the ordinances of said city; that on the 23d day of November, 1907, there was instituted before the mayor of said city a charge against appellee for disturbing the peace by cursing and threatening to fight and being drunk in Aaron Keedy's hotel,

also on the streets of said city, all in said city and on or about
the 20th day of November, 1907; that the mayor of said city
issued a warrant of arrest for appellee, and placed the same in
the hands of appellant for service; that, in pursuance of said
warrant and acting thereunder, appellant went to the place where
appellee could be found and served said warrant on him, after
which time they walked together to the mayor's place of holding
court; that at said place appellee was turned over to the marshal
of the city of Newport, Arkansas, according to the rules and reg-
ulations governing the police department of said city, after which
time appellant had nothing further to do with appellee; that the
only connection appellant had with said transaction was the serv-
ing of said warrant of arrest on appellee; that said warrant was
duly and regularly issued before said arrest by said mayor; that
appellant did nothing in the premises but what it was his duty
to do as an officer; that said warrant was served in a gentlemanly
manner; that appellant did not imprison appellee at all, and that
all of his acts and doings in relation to said arrest were strictly
in pursuance to said warrant and the law, and in due perform-
ance of appellant's duties as a peace officer of said city, and that
he did not in any manner mistreat appellee; and concluded with
a prayer for judgment in his behalf.

Appellee, among other things, testified that on or about the
23d day of November, 1907, appellant arrested him and took
him up the streets of Newport and delivered him to Mr. Baird
at the Hose House. He did not carry appellee into the mayor's
court then. Appellant never said anything about a warrant
when he arrested appellee; said: "You will have to go before
the mayor." Appellee's friend put up $5 for his first appearance.
Then appellee got the money back, thinking he could give bond.
Carouthers, the city marshal and chief of police, then said, "I
will go with you wherever you ask me to." And appellee replied:
"You will have to go to jail then." Carouthers locked appellee
up, and in a little while appellee made his bond and was released
from custody. Appellee was not shown any warrant by appel-
lant. Appellant, after arresting him, delivered him to Carouthers,
and Carouthers for a short time, while appellee was unable to
make the bond, put appellee in jail. The appellant was there the
morning they took appellee out of the mayor's court and put him

in jail.  Appellee admitted that appellant was a police officer of the city of Newport at the time he made the arrest.  Various ordinances were introduced showing that appellant had authority to arrest persons for violating the city ordinances, and making appellant a conservator of the peace within the city.  An ordinance was introduced showing that it was the duty of appellant, after making arrests, to deliver the persons arrested to the city marshal.

There was testimony on behalf of appellant showing that appellant received information from parties who knew the facts that appellee had violated a peace ordinance of the city of Newport; that appellant upon this information made affidavit before the mayor for a warrant of arrest charging appellee with disturbing the peace contrary to the ordinances of the city.  Thereupon the mayor issued the warrant for the arrest of appellee, and appellant arrested appellee upon this warrant.  The appellant, among others, presented the following prayers for instructions:

"5.  The defendant was an officer of the city of Newport at the time of the alleged arrest, and as such had full power and authority to make the arrest in question.

"6.  You are instructed that the mayor had jurisdiction to issue the warrant in question, and further instructed that an officer is fully protected in serving a warrant that is fair on its face.

"7.  Before you can find for the plaintiff, you must believe and find from the evidence that the defendant arrested the plaintiff without any warrant and that the defendant imprisoned the plaintiff.

"8.  The defendant was fully justified in serving the warrant on the plaintiff, if he had such warrant; and this is true, although you may believe that the plaintiff may have previously been arrested on a warrant issued by a justice of the peace.

"9.  If the defendant had a warrant fair on its face issued by competent authority at the time he arrested the defendant, he was fully justified in making such arrest, and your verdict should be for the defendant.

"12.  If the defendant, W. W. Campbell, upon information received from credible persons of such a nature a person would ordinarily believe to be true, made an affidavit charging the of-

fense of disturbing the peace, and if defendant believed in good faith and without any carelessness on his part that the plaintiff Hyde had committed such offense, and a warrant fair upon its face was thereupon issued by the mayor, then the defendant, W. W. Campbell, would be protected in acting under such warrant as if the affidavit upon which the warrant was issued had been made by some other person in good faith.

"13. You are instructed that under the evidence in this case the defendant, W. W. Campbell, was authorized to make the affidavit to procure the issuance of the warrant in question."

The above prayers were refused, and appellant duly objected and excepted to the court's ruling.

The court gave the following:

"1. Gentlemen of the jury: In this case I instruct you under the testimony that you must find a verdict for the plaintiff.

"2. You are instructed that one who causes, instigates, participates in or sets in motion a wrong is liable for the damages resulting therefrom, and it is not a justification or excuse that others were likewise connected with the wrong.

"3. Your verdict being for the plaintiff, you will assess such damages as will fully compensate plaintiff for his loss of time, for the shame and humiliation sustained by him, for the disgrace and injury to his reputation and standing in the community caused by such arrest and imprisonment, considering all the surrounding circumstances. All these matters should be considered by you in arriving at the amount of damages to which plaintiff is entitled.

"4. The plaintiff having been unlawfully arrested by the defendant, you are instructed that he thereby became liable for all damages growing out of such unlawful arrest, whether committed by him or by any other officer until he was discharged."

The damages that the plaintiff is entitled to are just actual damages.

The jury returned a verdict for the plaintiff, appellee, fixing his damages at $100. Judgment was rendered for that sum, which appellant seeks to reverse by this appeal.

*Jeffrey & Grant* and *Campbell & Suits,* for appellant.

1. The court erred in directing a verdict for plaintiff. Process fair on its face, though not in all respects regular, will pro-

tect an officer serving it. 34 Ark. 106; 78 Fed. 436; 71 *Id.* 264; 98 *Id.* 570; 144 *Id.* 389; 24 Am. St. Rep. 137; 71 Fed. 264.

2. The court erred in excluding the evidence offered by defendant, and in its charge to the jury. The mayor had authority to issue the warrant. Kirby's Dig., § 5590.

No brief for appellee.

WOOD, J., (after stating the facts). The court erred in instructing the jury to return a verdict in favor of appellee and in the instruction given. The court also erred in refusing appellant's prayers for instructions. This court in *Trammell* v. *Russellville*, 34 Ark. 106, said: "It is established doctrine that process, fair on its face, will protect from liability the officer executing it. It is not meant that it shall in all respects be regular; but that it shall appear to have been lawfully issued, and such as the officer might lawfully serve. That process may be said to be fair on its face which proceeds from a court or magistrate or body having authority by law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it. That the marshal and his deputy were protected from liability by the warrants, we think, is clear."

Judge Caldwell, speaking for the Circuit Court' of Appeals in *Carman* v. *Emerson*, 71 Fed. 264, announced the following:

"The writ was in due form, and served within the territorial jurisdiction of the court in a lawful manner by an officer authorized by law to serve it. The rule has long been settled that no imprisonment by virtue of a legal writ in due form, issued by a court of competent jurisdiction, and served in a lawful manner, is false imprisonment. It matters not that upon a presentation of all the facts it appears that the writ was improvidently or wrongfully issued. The existence of such facts does not make the writ void or illegal or impair its efficacy as a complete defense to an action for false imprisoment brought against the officer serving it or the party who procured it to be issued and instigated its service. In such cases, if the party procuring the issuance of the writ acts maliciously and without probable

cause, he may be liable to an action for malicious prosecution, but he is not liable to an action for false imprisonment."

It follows that upon the undisputed fact of this record the appellant is not liable for false imprisonment. The court erred in so holding, and for the errors indicated the judgment must be reversed, and the cause is dismissed. .