WEIGEL v. BROWN.

(Circuit Court of Appeals, Eighth Circuit.    March 11, 1912.)

No. 3,645.

*(Syllabus by the Court.)*

1. FALSE IMPRISONMENT (§ 12*)—JUSTIFICATION—ORDER OR PROCESS VOID ON ITS FACE.

Neither the unauthorized order of a judge or a justice nor the process of a court of limited jurisdiction which shows on its face that its command is without his or its jurisdiction furnishes any justification for officers or others who obey or act under it.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 12.*]

2. FALSE IMPRISONMENT (§ 12*)—JUSTIFICATION—ORDER OR PROCESS VALID ON ITS FACE.

An officer to whom there comes for execution the process, fair and valid on its face, of a court having general jurisdiction in certain cases to command that which the process directs, is thereby protected from personal liability in executing it, although the command may be erroneous or in excess of the jurisdiction of the court in the particular case.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 12.*]

3. FALSE IMPRISONMENT (§ 8*)—JUSTIFICATION—JUDGMENT OF CONVICTION.

A certified copy of the judgment of conviction is the only warrant for the confinement of a prisoner convicted of an offense under the statutes of Arkansas.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68–73; Dec. Dig. § 8.*]

4. FALSE IMPRISONMENT (§ 8*)—JUSTIFICATION—COMMITMENT.

A fine and costs is the limit of the punishment for assault and battery under the laws of Arkansas, and confinement for default in payment is limited to the time required to discharge the fine and costs at the rate of 75 cents per day. A justice of the peace lawfully adjudged the plaintiff guilty of assault and battery and fined him $10 and costs, which under the law authorized his confinement for 36 days. A commitment signed by this justice which neither contained a certified copy of the judgment nor conformed to the judgment, but which commanded the plaintiff's imprisonment for 60 days more than the time prescribed by the judgment and limited his credit on his fine to 50 cents a day during his imprisonment, came to the jailer who received the prisoner and delivered him to the contractor for convict labor who confined him thereunder 78 days and whipped him.

*Held*, the commitment was unauthorized and void on its face, and furnished no justification for the complainant's confinement or whipping.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68–73; Dec. Dig. § 8.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. FALSE IMPRISONMENT (§ 10*)—EVIDENCE (§ 96*)—ESTOPPEL TO ASSERT LIA-
BILITY—PRESUMPTION AND BURDEN OF PROOF.

A prisoner is not estopped from recovering damages for false impris-
onment by his failure to give notice to the person who confines him of
the illegality of his confinement.

The legal presumption is that every infringement of the right to liberty
and the pursuit of happiness is unlawful, and the burden is on him who
infringes it to see that his action is not illegal, and to justify it.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 74;
Dec. Dig. § 10;* Evidence, Cent. Dig. §§ 119-121; Dec. Dig. § 96.*]

6. CONDUCT OF TRIAL—CHARGE OF COURT.

A general conduct of the trial and the entire charge of the court con-
sidered, and held neither unjust nor unfair.

7. FALSE IMPRISONMENT (§ 31*)—ACTIONS—EVIDENCE—VALUE OF SERVICES.

Where the statutes of a state by various provisions estimate the value
of the labor of convicts at 75 cents per day, and there was testimony in
the case that the contractor for convict labor, by agreement with the
convict, let him go for 10 or 12 days for $4.25, there was substantial
evidence of the value of his services.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §
108; Dec. Dig. § 31.*]

In Error to the Circuit Court of the United States for the Eastern
District of Arkansas.

Action by Antone Brown against E. N. Weigel. Judgment for
plaintiff, and defendant brings error. Affirmed.

Will Akers and F. T. Vaughan, for plaintiff in error.

Lewis Rhoton (De E. Bradshaw and T. E. Helm, on the brief), for
defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

SANBORN, Circuit Judge. The laws of the state of Arkansas em-
power the county court of any county in that state to let the labor of
persons convicted and sentenced to the county jail to a contractor on
condition that he agrees to maintain, keep, and work them (sections
1080 et seq., Kirby's Digest 1904), and they authorize the contractor
to whip any such prisoner with a strap 2 feet long and 3½ inches
wide, attached to a wooden handle, with 10 licks once in 24 hours for
his refusal to work. Rule 3 of the Prison Board. The county court
of Pulaski county made a contract of this nature with the defendant
below, E. N. Weigel. Antone Brown, the plaintiff, had been charged
with assault and battery, tried, convicted, sentenced to pay a fine of
$10 and costs, and committed to the jail in default of payment by a
justice of the peace, and he had been delivered to the defendant Wei-
gel, who had worked and whipped him. The limit of the punishment
for the offense of assault and battery, with which alone Brown was
charged and of which alone he was convicted, was a fine. No au-
thority was given to the justice to punish that offense with imprison-
ment (section 1585), and the statutes of Arkansas expressly provided
that, where a prisoner failed to pay his fines and costs, the contractor
might keep and work him for such time as at the rate of 75 cents per
day would discharge them (section 1091), and that the defendant

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should not be held in confinement for a fine for a longer period than at the rate of one day for each 75 cents of the fine (section 2463). The plaintiff sued the contractor for false imprisonment and unlawful whipping. Weigel defended under a commitment signed by the justice who rendered the judgment. There was a verdict and judgment for the plaintiff for $2,500, and Weigel specifies many alleged errors in the trial, the chief of which is that the court below ruled that the commitment which the defendant below offered in evidence constituted no justification of the confinement and whipping of the plaintiff by the defendant. The additional facts material to the disposition of this complaint are these:

The plaintiff was confined 78 days. He admitted and alleged in his pleading that he was convicted of assault and battery, fined $10 and costs, in all $17, and committed to the county jail by the judgment of the justice of the peace, and that this fact justified the contractor in holding him at the rate of 75 cents a day during 36 days. In view of this admission, the court below held that he could recover nothing for his imprisonment and lawful whipping during these days, but that the commitment under which alone Weigel justified was void on its face gave him no protection, and that he was liable in damages for the confinement and whipping of the prisoner during the remaining 42 days that he held him. The statutes of Arkansas provided that "where a judgment of death or confinement, either in the penitentiary or county jail, is pronounced, a certified copy thereof must be furnished forthwith to the sheriff, who shall thereupon execute it, and no other warrant or authority is necessary to its execution." Section 2455. "The sheriff in executing a judgment of confinement shall deliver the defendant with a certified copy of the judgment to the keeper of the penitentiary, or to the jailer, according to the judgment." Section 2461. "The defendant shall not be held in confinement for a fine for a longer period than at the rate of one day for each 75 cents of the fine." Section 2463.

There was no evidence that any certified copy of the judgment of the justice was ever delivered to the sheriff, the jailer, or the contractor. The commitment on which the defendant relies did not correctly recite, nor did it correspond with, the judgment of the justice. That judgment was that Brown was convicted of assault and battery, and that he pay a fine of $10 and costs, and be committed to the county jail in default of payment. The commitment recited that Brown was convicted of assault and battery, adjudged to be confined in the county jail for 60 days, to pay a fine of $10 and $18.50 as costs, and it directed the officer, in default of payment of the fine and costs, to deliver him to the jailer "to be imprisoned in the manner provided by law, until the fine and costs are paid, not exceeding, however, one day for every 50 cents of said fine and costs remaining unpaid." This commitment was signed by the justice who rendered the judgment. The 60 days imprisonment there recited and the confinement until at the rate of 50 cents a day the fine and the costs were paid were not only dehors the judgment rendered, but they were beyond the power of the justice to inflict in the case of which he had jurisdic-

tion under the statutes of Arkansas. The justice was a witness at the trial. He was repeatedly asked whether or not this 60 days imprisonment was in the commitment when he signed it, and his answer invariably was that he would not testify; that, if he put it in there, he knew better.

[3] Much argument is presented and many authorities are cited to show that when a judicial officer who has jurisdiction of the subject-matter and of the parties, in good faith and in the exercise of his powers as a judge, decides that he has the power to render it, and renders a judgment or sentence in excess of his jurisdiction, he incurs no liability to respond in damages to the party injured thereby. Lange v. Benedict, 73 N. Y. 12, 25, 29 Am. Rep. 80; Clark v. Holdridge, 58 Barb. (N. Y.) 61; Butler v. Potter, 17 Johns. (N. Y.) 145; McIntosh v. Bullard, 95 Ark. 232, 129 S. W. 85. The proposition has no relevancy to the issues in this case. In the trial and decision of the issue whether or not Brown was guilty of assault and battery and the imposition of the sentence rendered, the justice exercised his judicial powers. That judgment was within his jurisdiction and lawful. When he had rendered it, the exercise of those powers in that case ceased. If he had subsequently issued the certified copy of that judgment which the statutes prescribed as the authority for the sheriff and jailer to confine Brown, he would have been exercising a mere clerical or ministerial power, the power of acting as his own clerk. His issue of the commitment which he signed was a mere clerical or ministerial act. In its issue he exercised none of the powers of a judge. The counsel in this case have cited no statute which gave this justice any authority to issue this commitment and a search of the laws of Arkansas has disclosed none. The certified copy of the judgment required by the sections of the statutes which have been cited seems to be the only authorized warrant for the confinement of a person in that state.

[4] If, however, the justice had authority to issue a commitment, an indispensable condition precedent to its issue or its validity was that it should conform to the judgment upon which it was founded and to the law under which it was issued, and this commitment did neither. It committed the plaintiff to jail for 60 days and limited his credit on his fine and costs to 50 cents a day, contrary to the statutes of the state and in violation of the rule of law that a commitment may never authorize a severer punishment than the judgment on which it is founded. The stream may not rise higher than its source. As the issue of the commitment was not a judicial but a mere clerical or ministerial act, and as the justice testified that, if he inserted in it the authority to imprison Brown for 60 days and the limitation of his credit on his fine to 50 cents a day he knew better, it is certain that, if the justice were a defendant in this case, he could not escape liability for the damages which the plaintiff has suffered from his unlawful act.

[2] Counsel invoke the rule that an officer to whom there comes for execution the process, fair and valid on its face, of a court having general jurisdiction to command that which the process directs is thereby protected from personal liability in executing it, although the

command of the court may be erroneous or in excess of its jurisdiction in the particular case. Jennings v. Thompson, 54 N. J. Law, 55, 22 Atl. 1008; Martin v. Collins, 165 Mass. 256, 43 N. E. 91; Douglass v. Stahl, 71 Ark. 236, 240, 241, 72 S. W. 568. But this rule fails to reach the case in hand. This commitment was neither fair nor valid on its face. On the other hand, it was void on its face because it was not, 'nor did it purport to contain, that certified copy of the judgment which the statutes of Arkansas make the only warrant or authority for the confinement of a prisoner, because it disclosed on its face that the crime of which Brown was convicted was assault and battery and committed him to imprisonment for 60 days when a fine was the only punishment which the court that tried him could inflict upon him under the laws of Arkansas, because it authorized his confinement, until at the rate of 50 cents a day his fine and costs were paid, in violation of the express command of the statute that no prisoner should be held in confinement for a fine for a longer period than would discharge it at the rate of 75 cents for each day.

[1] Neither the unauthorized command of a judge or justice nor the process of a court of limited jurisdiction which shows on its face that its command is without his or its jurisdiction and void furnishes any protection to officers or others who obey it or act under it. Piper v. Pearson, 2 Gray (Mass.) 120, 61 Am. Dec. 438; Ex parte Baldwin, 60 Cal. 432, 435; Allen v. Gray, 11 Conn. 95; Hoit v. Hook, 14 Mass. 210, 213; Sandford v. Nichols, 13 Mass. 286, 289, 7 Am. Dec. 151; Tracy v. Swartwout, 10 Pet. (35 U. S.) 80, 94, 9 L. Ed. 354; Casselini v. Booth, 77 Vt. 255, 59 Atl. 833. There was no error in the ruling of the court that the commitment here in question furnished no justification of the contractor for confining and whipping the plaintiff.

The second complaint of the trial is that the court excluded evidence of the character of the assault and battery of which Brown was convicted, of the person upon whom it was committed, and of the fact that the first charge against him was of an assault with intent to commit a rape. None of this evidence, however, had any relevancy to the issues in this case. They were whether or not the confinement and whipping were justified by the commitment, and, if they were not, the amount of the damages the plaintiff was entitled to recover. The evidence here offered was too remote and inconsequential to be competent on the question of damages, and it had no tendency to establish the claim of either party on the other issue.

[5] It is specified as error that the court refused to instruct the jury that if the plaintiff knew, or could have known by the exercise of ordinary diligence, that the restraint recited in the commitment was for a longer period than authorized by law for a conviction for an assault and battery and failed to inform the defendant of that fact and to take legal steps for his release, and there was no neglect of the defendant in failing to ascertain the fact, the defendant might assume that the commitment was correct and the plaintiff could not recover, that the court also committed error in that it failed to instruct the jury that the plaintiff could have obtained his release by writ of habeas cor-

pus, and that, if they found that he knew he was being detained longer than the statute authorized and failed to do this, or to notify the defendant of his unlawful detention, this should be taken into consideration in determining the amount of his damages.

But there was no error in these rulings. The inalienable right to liberty and the pursuit of happiness demands itself and no one is estopped from recovering it or damages for its infringement by his silence in the face of lawless and resistless might. The legal presumption is that every infringement of that right is unlawful, and the burden is on him who inflicts it to justify his action. The Constitution perpetually cries its stern and forbidding warning that no person shall be deprived of life, liberty, or property without due process of law. And whoever, under such statutes as have been cited in this case, confines and inflicts corporal punishment upon a person, must see to it that he at least has process that is not void on its face to protect him in his course. Dynes v. Hoover, 20 How. 65, 80, 15 L. Ed. 838. After the time during which the defendant could lawfully hold the plaintiff had expired, his agent, pursuant to general directions which the defendant had given him, whipped the plaintiff with a leather strap attached to a wooden handle while two other prisoners held him. What an absurdity it would be for a court to deliberately hold that Brown was estopped from recovering damages for this unlawful confinement and beating because this helpless victim did not cry out to his tormentor that his act was unlawful, and did not thereby probably subject himself to a severer whipping and greater suffering.

[6] Counsel complain that the general conduct of the trial, the statements of the judge during the admission of the evidence, and his charge at its close were partial and calculated unduly to influence the jury to decide the case in favor of the plaintiff and to give him excessive damages. The statements of the judge and his charge have been read and thoughtfully considered, but we find nothing in them to sustain this complaint. The trouble with the patient and commendable endeavors of counsel to defend their client in this case was the facts which the case presents. On the main issue these facts present no defense for him, the evidence would have sustained a peremptory instruction for the jury to return a verdict for the plaintiff, and the only real question for them to consider was the amount of the damages. There could, therefore, have been no unlawful partiality for the plaintiff in the trial of the chief issue, for the law settled that against the defendant. On the question of the measure of damages the case for the plaintiff was so strong that it would have been grievous error to have minimized it or to have treated it lightly. A citizen was adjudged guilty of assault and battery and fined $10 and costs which a confinement of 36 days would have discharged at the rate of 75 cents a day according to law. Some one caused an unauthorized commitment to issue commanding this man's imprisonment 60 days more. That commitment was void on its face. So far as we have been able to discover, a certified copy of the judgment is the only warrant for holding a person in confinement on conviction of an offense under the laws of the state of Arkansas, and, if the commit-

194 F.—42

ment could have been lawfully issued, this one did not follow the judgment and disclosed on its face that its command was violative of the law. For 42 days the defendant was confined and worked and once during that time he was whipped by the defendant without warrant or authority of law. It was these facts and their effect on the minds of a jury of 12 men which caused them and which ought to have caused them to return a verdict for substantial damages. No court could fairly present the law applicable to these facts without disclosing the gravity of the wrong inflicted upon the plaintiff, and we find nothing in the conduct of the trial, the statements of the judge, or his charge to the jury that was either unjust or unfair to the defendant. Times Publishing Co. v. Carlisle, 94 Fed. 762, 779, 36 C. C. A. 475, 492.

[7] Finally, complaint is made that the court instructed the jury that the plaintiff was entitled to recover of the defendant the reasonable value of his services during the 42 days when he was unlawfully confined, in the absence of evidence of that value. But the statutes of Arkansas provided that, when convicts were worked on roads, bridges, or other county improvements by order of the county court, they should each receive 75 cents per day (section 1103), that a person convicted of a misdemeanor and fined might be worked by a contractor as many days as would discharge his fine and costs at the rate of 75 cents per day (section 1092), and that, when the punishment of an offense is a fine, imprisonment shall not exceed one day for each 75 cents of the fine and costs (sections 2443, 2463). The plaintiff Brown testified, although his testimony was contradicted, that the agent of the defendant had $4.25 of his money, and that for that amount of money he let him go for 10 or 12 days. In view of this testimony and the provisions of the statutes which have been cited, we cannot hold that there was no substantial evidence of the value of Brown's services during the 42 days he was unlawfully confined, and the judgment below must be affirmed.

It is so ordered.