## LEE *v*. BANDIMERE.

### Opinion delivered October 20, 1919.

1. GROWING CROPS—UNSEVERED CROPS RAISED BY TRESPASSER.—Unsevered crops raised by a trespasser belong to the owner of the land. A trespasser obtains no title or right to crops raised by him on the lands of another until he has severed same.

2. GROWING CROPS—EJECTMENT SUIT.—The bringing of an ejectment amounts to a claim of title to crops then standing upon the land.

3. GROWING CROPS — OWNERSHIP — REPLEVIN.—A. brought replevin against B. claiming possession of certain growing crops. The replevin suit was dismissed. *Held,* the circuit court had no jurisdiction to entertain a motion to have the proceeds of the crop delivered to B. after adjournment of the term of which the replevin suit was dismissed; B.'s remedy was by independent action against A.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; affirmed·

*Hawthorne & Hawthorne* and *D. K. Hawthorne,* for appellant.

Promptly after the dismissal of this cause in the circuit court for the first time, appellants duly prosecuted their appeal to this court and when it was dismissed caused the mandate to be filed in the circuit court and move for a judgment against appellee and his sureties. This was in apt time. Art. 7, § 11, Const.; Kirby's Digest, § § 1319, 6871. Appellant clearly had the right to a judgment against appellee for either the property or its value, which was unlawfully taken from them. Appellee therefore, after the trial in the replevin suit, with all the facts before him, stood on his election to

sue for the rent for the years 1913, 1914 and 1915, and was therefore barred from recovering the rent for 1916. 63 Ark. 259; 64 *Id.* 94. Appellee had no legal right to retain possession of the crops or the money realized from the sale of the crops, not even under the order of delivery in the replevin suit and ought not to be allowed to keep it on a mere technicality. 81 Ark. 274. The court should have rendered judgment against appellee at the time of the dismissal of the cause of action. 68 Ark. 320; 134 *Id.* 404. Appellants, on the dismissal of their first appeal, had the same right upon the prompt filing of the mandate to obtain the same relief from the circuit court as they would have had should such relief have been requested at the time of the dimissal in the first instance.

*Basil Baker* and *Horace Sloan,* for appellee.

1. It is admitted that, both at the time the replevin suit was started and the ejectment suit commenced, the crops for 1916 on the lands were not severed from the soil. Upon the merits the adjudication in ejectment establishes that appellee was the owner of the crops and entitled to their possession. The Lees were trespassers, and crops grown by such so long as they remain unsevered from the soil are the property of the owner of the land. 8 A. & E. Enc. Law (2 Ed.) 3; 179 Mich. 292; Ann. Cases 1915 D. 356 and note. The recovery in the ejectment suit entitled appellee to the crops. 15 Cyc. 183.

2. Defendant is not entitled to a judgment for a return when the case is not tried on its merits but is disposed of on a plea in abatement. 204 S. W. 307; Kirby's Digest, § 6871. Here there never was a trial on the merits. 11 S. W. 630, 632; 4 L. R. A. 360; 48 Ark. 273, 276. The defendant must show his right to the property to get an order to return the property. 48 Ark. 273; 27 *Id.* 184; 22 *Id.* 76; 6 *Id.* 506; 7 *Id.* 25; 23 R. C. L. 940, § 112.

3. The lower court adjudged that it was without jurisdiction. This judgment, being unreversed, is the law of the case, and the lower court is without jurisdiction for any purpose. 34 Cyc. 1367. When an action is dis-

missed for want of jurisdiction in replevin the court is without power to order a return of the property. 136 Mass. 128; 7 Metc. 590; 56 Neb. 158; 78 N. W. 533; 34 S. C. 154; 13 S. E. 323; 75 Vt. 152; 53 Atl. 1071; 35 Vt. 387; 38 Fed. 491; 56 Neb. 195; 78 N. W. 534; 60 Neb. 442; 85 N. W. 740; 15 C. J. 854, § 176.

4. The motion for return, if otherwise available, should have been made at the time of the dismissal of the action. Afterwards the court had no power, as the case was finally dismissed, to entertain a motion for a return after the lapse of the term. 3 Crawford's Ark. Digest, p. 2980, § 94 (2); 37 Ark. 379-382; 14 Cyc. 391.

5. It is impossible to render judgment for appellants upon their joint motion when their interests are adverse to each other.

6. There was no demand for the return in the answer of appellants in the original replevin suit. 13 A. & E. Enc. Pl. & Pr. 558; 48 Ark. 273-6.

7. There is nothing in the contention that appellee can not split his cause of action. The action was not split, and the Lees were trespassers and the appeal should be dismissed.

HUMPHRIES, J. On the 26th day of December, 1916, appellee brought a replevin suit against appellants, W. D. and Oscar Lee, in the Jonesboro District of Craighead County, to recover the possession of a growing crop on the southwest quarter, and southwest quarter of the southeast quarter, section 24, township 14 north, range 1 east, in said county, alleging ownership in himself, and that the Lees were in the unlawful possession thereof. Appellee filed a bond, procured an order of delivery, and, under said order, received the proceeds of the crop.

The Lees answered admitting possession, but denying the wrongful detention of the crops and appellee's ownership thereof.

J. H. Hamilton filed an intervention, claiming a lien for $113.84 on the crops under a mortgage executed by the Lees to him.

The suit proceeded to trial on September 10, 1917, and resulted in a judgment against the Lees in favor of J. H. Hamilton for $113 and a judgment of dismissal of the replevin suit for want of jurisdiction, without adjudicating the property rights. From that judgment an appeal was prosecuted to the Supreme Court, which appeal was dismissed on the 17th day of June, 1918, upon the ground that the dismissal of the suit by the circuit court was favorable to appellants. It was also ruled on that appeal that the appellants could not insist upon a reversal of the judgment of dismissal on account of the failure of the circuit court to render a judgment for the return of the property, or its value, seized under the writ and delivery to appellee, for the reason that no request for the return of the property, or its value, was made by appellants in the circuit court. Appellants procured a mandate from the Supreme Court and filed same at the September term, 1918, of the circuit court. After the adjournment thereof and prior to the commencement of the succeeding term of the circuit court, appellants filed a motion to have the proceeds of the crops of 1916 delivered to them.

A response was filed to the motion, setting up, in substance, (1) that the judgment of dismissal of the replevin suit, rendered by the circuit court at its September, 1917, term of court, became final upon the adjournment thereof and that the court was without jurisdiction at a subsequent term of court to render an alternative judgment for the property, or its value, seized under the writ of replevin, the proceeds of which were later delivered to appellee; (2) that, on October 4, 1916, appellee had filed an ejectment suit against the Lees for said lands, at a time when the 1916 crops were standing thereon, upon the ground that the Lees were trespassers, which was tried on the 11th day of September, 1917, and resulted in a judgment in favor of appellee. The matter was heard by the court upon the motion, response, proceedings had and done in the replevin and ejectment suits, and an agreement to the effect that at the time of

the institution of both the replevin and ejectment suits the crops of 1916 had not been severed, but were standing upon the ground. The circuit court refused to render an alternative judgment against appellee for the property, or its value, and dismissed the motion. From the judgment dismissing the motion, an appeal has been duly prosecuted to this court.

(1-3) The circuit court took the view that it had no jurisdiction to entertain the motion to have the proceeds of the crops delivered to appellants after adjournment of the term at which the replevin suit was dismissed, and that appellants' remedy was by independent action against appellee and his bondsmen. Appellants contend that they had a right to summarily proceed for the return of the crops, or their value, upon the dismissal of the replevin suit, or at any subsequent term of the circuit court. Be that as it may, the undisputed facts in the case support the result reached by the court. It is agreed that the crops were standing and ungathered on October 4, 1916, when the ejectment suit was instituted. The issues in that possessory action were determined in favor of the appellee upon the ground that these appellants were trespassers. Unsevered crops raised by a trespasser belong to the owner of the land. A trespasser obtains no title or right to crops raised by him on the lands of another until he has severed same. 15 Cyc. 183; 8 Am. & Eng. Enc. of Law (2 Ed.), p. 3.

Appellants insist that the appellee is precluded and barred from claiming the standing crops of 1916 because he only asked, in his ejectment suit, for the rents of 1913, 1914 and 1915. It is said that his request for rents for those years amounted to a waiver of his right to the standing crop of 1916. The institution of the ejectment suit was an assertion of his title to the standing crops for that year, and in no sense a waiver of his claim or right thereto. The effect of the ejectment suit was to claim title to the crops of that year, standing upon the ground, as a part of the realty. His claim of rents in the ejectment suit for prior years was not an election to abandon

any claim or right to the crops of 1916. Had he claimed rents only in the crops of 1916, the omission to claim any rents for that year might have been construed as a waiver thereof. Not so, however, where he claimed the title to the crops upon the theory that they were a part of the real estate.

No error appearing, the judgment is affirmed.