### SMITH *v*. FISH.

Opinion delivered July 14, 1930.

*H. K. Toney* and *Thos. W. Raines,* for appellant.

*E. W. Brockman,* for appellee.

HART, C. J.   This is an action of false imprisonment by William Lee Smith against W. A. Fish as sheriff of Linclon County and his bondsmen.   The defendants justified the arrest of the plaintiff on a warrant issued by the county court of Lincoln County, which is as follows:

"The State of Arkansas, to the sheriff of Lincoln County—Greeting:

"Whereas, William Lee Smith was on the 4th day of June, 1927, by the county and probate judge of Lincoln County, adjudged to be insane; and,

"Whereas, the superintendent of the State Insane Asylum has signified his readiness to receive said William Lee Smith as an inmate of said asylum.

"Now, therefore, you are hereby commanded to take the said William Lee Smith into custody and to deliver him without delay to the superintendent of the State Insane Asylum at Little Rock, Arkansas.

"In testimony whereof, I have hereunto set my hand this 4th day of June, 1927.

"J. W. Paschall,
County and Probate Judge."

The basis of the suit was that the county court acquired no jurisdiction over the person of the plaintiff at the time the judgment of insanity was pronounced against him, and the warrant for his commitment pursuant to said order was issued and delivered to the sheriff.   On the part of the plaintiff, it was shown that he was arrested and confined in the insane asylum for several months under the warrant of commitment issued to the sheriff, and that no service of process had been had on him at the time the county court of Lincoln County adjudged him to be insane.   The circuit court directed a

verdict in favor of the defendants, and the case is here on appeal.

The judgment of the circuit court in favor of the defendants was correct. It is the settled rule in this State that process, fair on its face, will protect from liability the officer executing it. This court has held that imprisonment by virtue of a legal writ in due form issued by a court of competent jurisdiction and served in a lawful manner does not constitute false imprisonment, even though it was improvidently or wrongfully issued. *Trammell* v. *Russellville*, 34 Ark. 106; *Campbell* v. *Hyde*, 92 Ark. 128, 122 S. W. 99. Under our statute any county and probate judge has jurisdiction to examine for insanity any citizen within its jurisdiction and to order such person, if found to be insane, to be confined in the State Hospital for Nervous Diseases. Section 9401, *et seq.* Crawford & Moses' Digest. The record shows that the order of commitment was issued by the county court of Lincoln County in which county the plaintiff at the time resided. The warrant of commitment was regular on its face, and protected the sheriff in his arrest of the plaintiff. Moreover, the plaintiff failed to file his motion for a new trial within the three days prescribed by § 1314 of the Digest, and offered no excuse for his failure to do so.

The court has held that where the record is silent as to the considerations that control the court in permitting the motion to be filed and remain of record, it must be presumed that they were legally sufficient to justify such action, and that it was made to appear to the court that the delay was unavoidable. *Fordyce* v. *Hardin*, 54 Ark. 554, 16 S. W. 576. See *Graves* v. *Jewell Tea Co.*, 180 Ark. 980, 23 S. W. (2d) 972. In the present case, however, the record shows that when counsel for plaintiff offered to file his motion for a new trial out of time the court informed him that he might deliver it to the clerk, and that when it was presented for the determination of

the court his grounds for delay would be considered. Counsel for the defendants objected to the court's consideration of the motion on the ground that it was not filed within the time allowed by statute, and that the plaintiff was not unavoidably prevented from doing so within the meaning of § 1314 of the Digest. Hence, there being no motion for a new trial filed, every presumption must be indulged in favor of the validity of the judgment, and we can consider only errors which appear on the face of the record.

There are no errors apparent on the face of the record, and the judgment will therefore be affirmed.