STATE LIFE INSURANCE COMPANY *v.* GRAUE.

4-3731

Opinion delivered February 25, 1935.

*Jeff Duty, Jno. R. Duty, Claude Duty,* for appellant.
*C. D. Atkinson* and *Jno. W. Nance,* for appellee.

Baker, J. This case had its origin in the foreclosure of a mortgage executed in 1927 by J. S. Hibbs and wife, Ira A. Hibbs, to Denton-Coleman Loan & Title Company, conveying certain real estate owned by them in Washington County, Arkansas. Two days after the execution of this mortgage, it was assigned, in due course, to the State Life Insurance Company. On the 12th day of December, 1931, the mortgage being in default, Hibbs and his wife, having abandoned the property and left the State, suit was filed in the chancery court, praying a foreclosure of the mortgage lien. On the same date J. F. Patterson, of Rogers, Arkansas, was appointed receiver to take charge of and preserve the real estate involved in the action, collect rents and profits therefrom, during the pendency of the suit, and, if necessary, to rent said lands.

At the time of the filing of the suit Cal Timbrook was upon the land, but he was not made a party because he advised that he was intending to move from the property at the end of the year. Charles Graue soon thereafter moved upon this land. In fixing the time of his entry upon the land, he said in his testimony that he moved there about the 18th of December, but again, apparently correcting an error, he fixed the date as of January 18. He testified also that about the time he went there he met Mr. J. F. Patterson, the receiver, and advised Mr. Patterson that he was there under a contract with Hibbs. Mr. Patterson advised him of the foreclosure suit, and also to the effect that he had rented the land from the wrong party; that he as receiver had the property in charge.

Graue had entered upon the lands after the property had been taken into the custody of the court in the foreclosure proceeding, and was therefore not made a party to the foreclosure suit. He claimed, however, at the time of the trial in this case, that he had placed Timbrook upon the property as his subtenant, assuming the right so to do under his contract, which he said was executed prior to the date of the filing of this foreclosure suit. His lease, or contract, was not recorded.

Although Graue knew of the pendency of this suit and that Patterson had been appointed receiver, he did not see fit to make himself a party or assert any right or equities that he may have had.

The decree was rendered the 20th day of February, 1932. The property was advertised, and sold on the 23rd day of March. At the sale the State Life Insurance Company became the purchaser. On the 2nd day of April, 1932, the sale was confirmed. We are advised that no order appears of record directing the issuance of a writ of assistance, and that on the 4th day of April, 1932, the writ of assistance was issued and delivered to the sheriff, directing him to deliver possession to the State Life Insurance Company, or to deliver possession to J. F. Patterson, as receiver. No order appears in the record before us discharging or dismissing the receiver. The sheriff immediately served the writ upon Charles Graue, by the delivery of a copy of it, but did not at that time remove Graue from the premises. During all of this period Graue had taken no step to protect himself in his alleged right of the possession of the property. On the 20th day of May, the sheriff removed his property from the premises.

After Graue was removed from the premises, he filed this suit, alleging his wrongful eviction from the land and consequent damages in the sum of $2,000. He recovered, in a jury trial, a verdict for $1,250, upon which judgment was rendered, and it is from this judgment that this appeal was taken.

According to the view that we have of this controversy, it is unnecessary that we state with any great detail, either the pleadings or the evidence, except as incidental to the opinion. Graue pleads that he was unlawfully evicted by virtue of a writ of assistance, which, according to his contention, was unlawfully issued and therefore void. He pleads further that upon receipt of a copy of the writ he made an oral agreement with the defendant, State Life Insurance Company, acting by and through its agent, First Mortgage & Investment Company, of Rogers, a corporation, and J. F. Patterson, an executive officer of the corporation, whereby he was to

continue in possession of the real estate and operate the farm under the terms of the lease from Hibbs, and that he was to attorn to the State Life Insurance Company, or its agent, First Mortgage & Investment Company, and that under that agreement he continued in possession of the land, and to cultivate it until dispossessed on the 20th of May. Upon these two propositions he founds his case.

A demurrer was filed to this complaint, and, being overruled, an answer was then filed denying all of the material allegations of the complaint, pleading the fact in regard to the foreclosure, and exhibiting the record of the foreclosure as to the complaint, decree, sale, confirmation, order appointing receiver, and issuance of the writ of assistance.

Such other facts as may be pertinent will be stated in the opinion.

The first question with which we are confronted is the alleged invalidity of the writ of assistance by virtue of which the appellee was evicted. It is argued, most seriously, that this writ of assistance was void. Further that it was not binding upon the appellee because he was not a party to the proceeding. The record before us does not disclose any order made by the court directing the issuance of this writ, but we cannot say, as a matter of fact or of law, that no order was made. We do say, however, that it was not improper for the court to have made the order. The chancery court had the inherent right to issue whatever legal process was necessary to make effective its orders and decrees.

Although the appellee here was a stranger to the proceeding in the chancery court, he knew of the pendency of the suit, and had not seen proper to that date to assert therein whatever rights or equities he may have had, if indeed he had any. This writ was served upon him on or about the 4th day of April, 1932, and it was tantamount to a notice to quit and deliver possession; so held in Oliver v. Deffenbaugh, 166 Ark. 118, 265 S. W. 970. This same case is also authority for holding, as we do, that the title and right of possession will include all ungathered crops. Unsevered crops belonged

to the owner of the land, appellant. This is true for the reason Graue could not wrongfully enter as against the receiver and acquire any interest adverse to him. *Lee v. Bandimere,* 140 Ark. 277, 215 S. W. 635.

The service of this writ upon him furnished an excuse, if not a reason, that he should then assert before the chancery court, by proper proceeding, his alleged rights to occupy the property. If the writ were wrongfully issued, the court, upon the assertion of any substantial right, would have corrected the error.

The writ was valid upon its face, and he knew that the officer must enforce it. Process fair and valid on its face protects the officer serving such process. *Weigel v. Brown,* 194 Fed. 652; *Douglass v. Stahl,* 71 Ark. 236, 241, 72 S. W. 568; *Smith v. Fish,* 182 Ark. 115, 117, 30 S. W. (2d) 223.

He elected to treat the writ as valid and went to the First Mortgage & Investment Company, as the purported agent of the appellant, to enter into a new contract, and alleges that he did enter into an oral contract with the said First Mortgage & Investment Company and its officers.

The authority of the alleged agent to make the kind of contract he alleges was had was challenged upon the trial, and Graue, called as a witness I. C. Patterson, an officer of the First Mortgage & Investment Company to prove that authority. He succeeded in proving that the corporation had collected rents and interest upon other properties belonging to the appellant, and the fact that the agency of this corporation was a special and limited one. The corporation had the right and power to prepare leases or rental contracts, to be signed by the prospective tenants, and then to be submitted to the State Life Insurance Company for acceptance or rejection.

Without regard to the proposition of establishing agency, by the testimony of the alleged agent, the special or limited agency, according to this uncontradicted testimony, was such that Graue did not make any contract, oral or otherwise, for the continued occupancy of the farm. He testified that contracts were submitted to

him for his signature, but they were not according to "specifications," and that he therefore did not sign them. He must take notice of the limitations of the agent's authority as he has established such limitations. *Whitlow* v. *Rogers Wholesale Grocery Co.,* 186 Ark. 35, 52 S. W. (2d) 42. Besides all these matters, there was no order discharging the receiver, and there is proof in the record that the receiver continued in charge of the property after Graue's removal, and rented the lands to other parties. The order of confirmation of the sale did not of itself remove or discharge the receiver. 1 Clark on Receivers (2d), § 692 (c).

In *Deming Investment Co.* v. *Bank of Judsonia,* 170 Ark. 65, 278 S. W. 634, the receiver did not qualify until after sale of property, but was continued in charge of property to collect rents. From the foregoing it must be seen that Graue's suit was based substantially upon a collateral attack upon the processes of the chancery court. This he could not do. 2 R. C. L. 737. If any of his rights were impaired in the chancery proceedings, then, to minimize his damages, it was proper that he should have submitted himself to the jurisdiction of that court.

Since the land was *in custodia legis* when he entered upon it, he could not flout the jurisdiction and authority of that court, and resort to another tribunal for a correction of his alleged grievances.

The cause is therefore reversed and dismissed.