Reversed, injunction dissolved, and bill dismissed.

## McLain & Badgett vs. Smith.

Proceedings for the foreclosure of mortgages, under *chap.* 101 of the Revised Statutes, are within the jurisdiction of a court of equity, and must be governed by the principles and rules of practice in courts of equity.

And in proceedings under this chapter, the actual occupant of the land, if there be one, is a necessary party, and must be made a party by the petition, or it must be shown in the petition that there is no occupant, or that the mortgagor or mortgagee is the occupant.  The omission to make the actual occupier a party, without showing some adequate reason therefor, is not only ground of demurrer, but a valid objection even at the hearing, and good ground for a plea.

Where all the defendants in such proceeding reside in the county where the suit is instituted, they must be embraced in a single writ, and no copy of the petition need accompany it.  If they reside in different counties, separate writs issue to each county, and a copy of the petition must accompany each writ, which issues to a county different from the one where the suit is brought.

Upon sustaining and allowing a plea that the actual occupier of the land is not made a party, the Court should not abate or dismiss the suit, but should give the plaintiff leave to amend his petition, upon the payment of costs within a reasonable time.

On failure to amend upon the terms prescribed, the suit might be dismissed.

Proceeding under Chap. 101 of the Revised Statutes, to foreclose a mortgage on land, determined in Pulaski Circuit Court, in April, A. D. 1841. before the Hon. John J. Clendenin, one of the Circuit Judges.

McLain & Badgett filed their petition, setting forth a promissory note, made to them by Smith, for $224 87-100; and a mortgage to secure the payment of the note, with the certificates of the proper officers, showing it to have been acknowledged and recorded, alleging the debt to remain unpaid, to their damage $100; praying pro-

McLain & Badgett *vs.* Smith.

cess of summons against the appellee, and that judgment might be rendered against him for the debt and interest due on the note; that his equity of redemption on the mortgaged premises might be for ever barred and foreclosed, and the lands mortgaged sold to satisfy their demand.

A writ of summons issued according to the prayer of the petition. Smith, at the return term, filed two pleas, which in the transcript are styled pleas in abatement of the cause. In the first, he prays judgment of the writ, because (he says) that no copy of a bill or petition did accompany said writ of summons, according to the form of the statute in such cases made and provided, to wit: "at the county aforesaid, and this he is ready to verify;" concluding with a prayer of judgment of the writ, and that the same may be quashed. In the second, he "comes and defends the wrong and injury, and prays judgment of the said writ and petition, because (he says) that at the time, and before the commencement of this suit, one George W. Scott was, and still is, the actual occupier of said real estate, to wit : in the county aforesaid, specified in said deed of mortgage, and in the said plaintiffs' said bill of complaint, who is not made a party defendant to this suit, according to the form of the statute in such case made and provided : Wherefore, because the said George W. Scott is not joined in said petition with this defendant in said suit, and because no writ has ever issued in this cause against the said George W. Scott, according to the statute in such cases made and provided, he the said Green prays judgment of the said writ, and that the same may be quashed."

To these pleas McLain & Badgett demurred, setting forth specially several causes of demurrer, and the appellee joined. The Court overruled the demurrers, and McLain & Badgett failing to reply to the pleas, entered up the following judgment: "It is therefore considered by the Court, that this cause abate, and that the said defendant have and recover of the said complainants all the costs in and about this suit expended." McLain & Badgett appealed.

*Fowler,* for the appellants.

*Blackburn,* contra.

*By the Court,* Ringo, C. J.

The 4th section of Chapter 101 of the Revised Statutes of this State provides, that " all mortgages of real estate, when the debt secured amounts to fifty dollars, or upwards, may file a petition in the office of the Clerk of the Circuit Court, against the actual mortgagor and the actual occupiers of such real estate, if any, setting forth the substance of the mortgage deed, and praying that judgment may be rendered for the debt, and that the equity of redemption may be foreclosed, and that the mortgaged property may be sold to satisfy the amount due." The 6th section of the same chapter declares, that " the Clerk of the Circuit Court shall issue a summons, commanding the defendant to appear and answer such petition at the return day thereof: And if there be two or more defendants, and they reside in different counties, a separate summons shall be directed to each county, including all the defendants therein, and the service and return of such summons shall be made as in actions at law." And the 7th section provides further, that " a copy of the petition shall accompany each separate summons."

These are believed to be the principal statutory regulations affecting the questions which arise upon the pleadings, as they are presented in this case ; but before we proceed in the investigation, it may be proper to state that the case, in our opinion, is unquestionably within the jurisdiction of a court of equity; and although, under the existing organization of our judicial tribunals, the Circuit Court has jurisdiction over it, its powers in this respect are derived from the provision in the Constitution investing it with jurisdiction in matters of equity. And, therefore, notwithstanding the proceeding is in many respects prescribed and regulated by statute, where this is not the case, the proceedings must be governed by the principles of equity, and rules of practice in similar cases in courts of equity. Instead of conforming to these rules, the pleas filed by the appellee have more of the form of pleas in abatement to an action at common law, than pleadings in a suit in chancery, although the statute, in regard to such defence, is entirely silent; and the whole proceeding appears from the record to have assumed, in its progress through the

McLain & Badgett *vs.* Smith.

Circuit Court, more of the forms appropriate in a suit at law, than of those used in proceedings in a court of equity.

Considering it then as a proceeding in a court of equity, we will proceed to examine the questions presented by the record. The object of the petition is to foreclose a mortgage upon real estate, but the mortgagor alone is made a party defendant to the suit, and the petition is wholly silent as to the actual occupiers of the land; although the statute is imperative that it shall embrace and be against both the mortgagor and the actual occupiers; nor is there even an attempt to justify or excuse the omission to proceed against the actual occupier, or to warrant the conclusion that the premises were unoccupied. If they were occupied, there can be no doubt that, in proceedings under this statute, the occupant, without any regard to his interest in the subject matter of the litigation, was a necessary party to the suit, because the statute has so declared, and its injunction cannot be disregarded; and until he was legally before the Court as a party to the proceedings, no valid judgment or decree could be pronounced in favor of the petitioners; and if there was in fact no occupant of the lands, or if they were in the actual possession of the mortgagor, that fact should appear in the petition. And the omission to make the actual occupier a party, without showing some adequate reason therefor, would in such cases not only be a ground of demurrer, but also a valid objection to any decree against the mortgagor, even at the final hearing. See *Mitford's Pleading*, 133 *to* 147.

The first plea is evidently founded upon the supposition that, according to the provisions of the 6th and 7th sections of the statute above quoted, a copy of the petition ought to have accompanied the summons issued against, and served upon, the appellee; but this, according to our understanding of said provisions, was not necessary or required by them. They authorize a separate summons to issue to each county in all cases where the parties defendant reside in different counties; but each summons must include all of the defendants residing in the county to which it is directed. Now it appears to us obviously, upon the reading of these provisions, that where all of the defendants reside in the county where the suit is instituted, they must be embraced in a single writ, and no copy of the petition need

accompany it; but where they reside in different counties, a separate summons from that issued to the county where the suit is brought, must be issued against the defendants residing in another county, and if they reside in several counties, other than that where the suit is brought, a separate writ must issue to each county, where they are so resident, and a copy of the petition accompany each separate writ so issued, and be served upon the defendants therein named. The object of this provision appears to have been, to enable the defendants residing in other counties, at a distance from the court in which the suit is brought, to answer the petition, or otherwise make their defence to the suit, without the inconvenience and expense of traveling to the place where such court is held. Besides, any other construction, as it seems to us, must be attended with this absurdity, that where the defendants all reside in the county where the suit is brought, they shall not be served with a copy of the petition; but if a portion reside in a different county, then not only the latter, but also the former shall be served with a copy. Such construction is not, in our opinion, authorized, and therefore the first plea set up no matter constituting a valid objection to the proceeding, of which the appellee could, in any manner, take advantage, and ought to have been overruled or disregarded by the Court.

But the second plea shows expressly, that the mortgaged premises were, at the time of the institution of this suit, actually occupied by a person other than the mortgagor, who, according to the express provisions of the statute, was a necessary party to the suit. And the omission to make him a party to the petition was a defect, of which, according to the well settled rules of proceeding in equity, the defendant could take advantage, either by demurrer, or on the hearing of the cause, if it appeared on the face of the petition; and, if it did not so appear, then by pleading the matter necessary to show it. *Mitford,* 226. 3 *J. C. R.* 427. It is an objection showing the want of proper parties; and, notwithstanding the statute, by other provisions contained in it, may have dispensed with the necessity of making any other persons parties to the suit, (except the mortgagor and actual occupants of the mortgaged premises), however much they may be interested in the property mortgaged, it has, as we have already seen, made the

McLain & Badgett *vs.* Smith.

actual occupiers, without regard to their real interest in the property, parties to the petition; and, therefore, the matter shown by the second plea constituted a good objection, of which the appellee could well avail himself, as the relief sought by the petition could not be granted; nor was the appellee bound to answer it until the necessary parties were legally before the Court; and there was no error in the decision of the Circuit Court sustaining said objection. But, upon the plea being sustained and allowed, the Court, according to the equity practice, should not have entered a judgment or decree thereupon, peremptorily abating or dismissing the suit, but ought to have made an order, giving the appellants leave to amend their petition, upon the payment of costs, within a reasonable time, because the suit is not determined by the allowance of such plea; but, upon their failure to avail themselves of such leave, or to comply with the terms upon which it was allowed, within the time allowed them by such order, it would have been regular, and consistent with the practice in courts of equity, to have dismissed the suit. It is true, that the appellants failed to reply to the pleas, and appear to have rested the case upon their demurrers to them, without asking leave to amend their petition, yet, as their effect, according to the practice in courts of equity, would not be to abate or otherwise determine the suit at once, the Court erred in peremptorily abating it thereupon, without first granting leave to the appellants to amend their petition within a reasonable time, upon the payment of costs.

Judgment reversed, and case remanded, with instructions to overrule the first plea, and to allow the second, and thereupon enter an order, allowing the appellants to amend their petition within a reasonable time, upon the payment of costs; and, if they fail to avail themselves of such leave, and comply with the terms of such order, then to dismiss the suit, with costs, and for other proceedings.