### JETT *vs.* CAVE & SCHAFFER.

The Statutory proceeding for foreclosure of mortgage by petition is partly a Common Law, and partly an Equity proceeding.

A plea that a person not made defendant to such suit, is in possession, is good—but if the plea is, that A. or B. is in possession, it is defective.

The decree in such suit must foreclose the mortgage, or bar the equity of redemption. If it does not, it is reversible.

This was a suit for foreclosure of mortgage, determined in the Hempstead Circuit Court, in May, 1843, before the Hon. John Field, one of the circuit judges. Cave and Schaffer filed their petition in the Hempstead Circuit Court for the purpose of foreclosing a mortgage, which was executed to them by Jett, to secure the payment of a certain amount of money, confessed to be owing. It set forth the substance of the mortgage deed, and prayed judgment for the debt and damages, and that the equity of redemption might be foreclosed, and that the mortgaged property be sold to satisfy the judgment. The defendant appeared to the action, and pleaded in bar that the mortgaged property, or part thereof, was in the possession of the branch of the Real Estate Bank at Washington, or Edwin Brittin, by a contract under rent with him. To this plea an exception was taken and sustained; and the defendant saying nothing, a decree was entered up for the amount of debt and cost, and that the mortgaged property be sold to satisfy the execution. On Error.

*Conway B.*, for plaintiff in error. The plea of Jett is a legal and

Jett *vs.* Cave and Schaffer.

proper plea, and each and all of the exceptions to it should have been overruled, and the plea sustained and allowed. This any work on Chancery Practice will prove. *Vide Story,* and *Mitford.*

The petitioners were required by the statute, under which they proceeded, to make the actual occupant a party to the suit. *Vide Rev. St. sec.* 4, *p.* 579, and this they were bound to do or show good reason for the omission, before the court could give them a valid decree. *McLain & Badgett v. Smith,* 4 *Ark. Rep.* 224.

*Pike & Baldwin,* contra.

*By the Court,* LACY, J. It is evident that the plea is defective, and was rightly adjudged bad. It fails to show whether the Bank or Brittin was in possession of the premises; or which of them was the actual occupier. This is a proceeding under our statute, in which the legislature seems to have designed to give to the party the double remedy of a court of law and of equity. The party is entitled to judgment for his debt and cost, which are to be first satisfied out of the mortgaged property, and if that is not sufficient, he can take his execution against the other effects of the defendant. Thus far the remedy may be regarded as a common law proceeding, differing from its course in no essential manner, except in pointing out in the first place what species of property shall be first sold to satisfy the demand, and not allowing execution against any other kind of property till the particular fund is exhausted. The party has the further remedy of foreclosing the equity of redemption, and in this particular, it is strictly a chancery proceeding. The suit is required to be prosecuted by petition, and this is also another feature of the practice of a court of equity. The remedy being given by statute, the party seeking to avail himself of its advantages, must be required to follow substantially the provisions of the act. The judgment of the court is a decretal order, and that must show that all the essential requirements of the statute have been complied with. This principle being conceded to be true, it necessarily follows that the decretal order in the present instance will have to be set aside: it does not foreclose or bar the equity of redemption for which the petition prays, and which is an indispensable requisite of the statute. *Rev. St. chap. CI, sec.* 1 *to* 21.

Decree reversed.