FLETCHER *v.* HUTCHINSON.

In a proceeding by petition to foreclose a mortgage on land, the petition should state whether there is any occupant of the land or not; and if there is an occupant he should be made a defendant.

A copy of the deed relied on in a petition to foreclose a mortgage must be filed as an exhibit.

*Appeal from Jefferson Circuit Court in Chancery.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

WATKINS & ROSE, for appellant.

RICE, *contra.*

CLENDENIN, J.

Robert Hutchinson filed his petition in the circuit court in chancery, to foreclose a mortgage executed to him by Read Fletcher, to secure the payment of two promissory notes. There

is no averment in the bill as to the occupancy of the mortgaged premises, nor is a copy of the deed of mortgage referred to in the bill, attached to the bill as an exhibit. Fletcher demurred to the bill: 1st, because the complainant in his bill fails to disclose whether the mortgagor, or any other person or persons, is the occupant of the lands described in said deed of mortgage; 2d, because he fails to make an exhibit of the deed of mortgage relied on in his bill of complaint. The demurrer was overruled and a final decree rendered, subjecting the lands to the payment of the debts. From this decree Fletcher appealed.

The first point made by the demurrer in the court below, and by the assignment of error in this court, is one that was fully considered and decided by this court in the case of *McLain & Badgett v. Smith, 4 Ark., 244.* In that case, Chief Justice Ringo, in delivering the opinion of the court, says: "The object of the petition is to foreclose a mortgage upon real estate, but the mortgagor alone is made a party defendant to the suit, and the petition is wholly silent as to the actual occupiers of the land, although the statute is imperative that it shall embrace and be against both the mortgagor and the actual occupiers; nor is there even an attempt to justify or excuse the omission to proceed against the actual occupier, or to warrant the conclusion that the premises were unoccupied. If they were occupied, there can be no doubt that, in proceedings under the statute, the occupant, without any regard to his interest in the subject-matter of the litigation, was a necessary party to the suit; because the statute has so declared, and its injunction can not be disregarded; and until he was legally before the court, as a party to the proceedings, no valid judgment or decree could be pronounced in favor of the petitioners; and if there was, in fact, no occupant of the lands, or if they were in the actual possession of the mortgagor, that fact should appear in the petition. And the omission to make the actual occupier a party, without showing some adequate reason therefor, would, in such cases, not only be a ground of demurrer, but a valid objection to any decree against the mortgagor, even at the final hearing.

Treating the case now before us as a proceeding under the statute to foreclose a mortgage, and referring to the bill, we find the same objections to exist, and that the complainant in the bill has failed to disclose whether the mortgagor, or any other person, is the occupant of the lands described in the deed of assignment, and for that reason, we think that the demurrer should have been sustained to the bill.

The other point made by the demurrer, and the assignment of error, is that the complainant failed to make an exhibit of the deed relied on in his bill. The 48th section of chapter 28 of the Digest, declares that: "If either party shall rely on any record, deed or writing, the substance thereof shall be stated in his bill, answer or plea, in the same manner as is required in pleading at law, and he shall file with his bill, answer or plea, as exhibits, an authenticated copy of such record, and a true copy of such deed or writing, and hold the original subject to the order and inspection of other parties in term time, if within his power." The complainant in the bill, in this case, relies on his deed of mortgage, and consequently he was bound by the statute to have filed a true copy of the deed with his bill; *Brodie, et. al.,* v. *Skelton, 11 Ark., 121;* and having failed to do so, the demurrer, for that cause, should have been sustained.

Upon these grounds this cause is reversed and remanded to the court below, with directions to that court to sustain the demurrer to the bill, and to permit the complainant to amend his bill.