THEURER ET AL. V. BROGAN ET AL.

PARTIES: *Necessary, in actions involving title to lands.*

In actions involving title to lands the heirs of a deceased claimant are
necessary parties. The administrator cannot represent them. The
court should order them to be made parties and can make no decree
affecting their interest without their presence. The administrator·
has no interest or right of possession unless the lands are needed to
pay the debts of his intestate.

APPEAL from *Sebastian* Circuit Court in Chancery.
Hon. J. H. ROGERS, Circuit Judge.

*Duval & Cravens,* for appellant.
*Clendening & Sandels, contra.*

EAKIN, J.   Lina Theurer, and her two children, Mary
C. and Joseph Theurer, were in 1859, the owners of a 200
acre farm in Sebastian county, which had been conveyed to
them jointly by deed from Wood and wife.   The husband

Theurer et al. v. Brogan et al.

and father George Theurer was living but had no interest in the property. He afterwards disappeared, and after an absence of five years, without being heard of, was presumed to be dead.

At sometime, the transcript does not advise us when, the said Lina and her children filed a complaint to recover possession of this land, against Frances and James Donahoe, who, they alleged, were unlawfully keeping them out of the possession. Their deed is exhibited. It does not appear that any summons was issued against these defendants, or that they appeared.

At the February term, 1877, complainants were, on motion, allowed to add as defendants, Edward C. Brogan, as adm'r. of the estate of Joseph Brogan, and J. H. Davis, against whom a summons was issued on the seventeenth day of May, 1877, which was the beginning of the suit. It was dismissed as to the Donahoes. At the September term, 1877, the case was, on motion of defendants, transferred to the equity docket, and the said administrator answered, pleading :

1. The statute of limitations.

2. That George Theurer had purchased the land in question from Wood with his own money, and in connection with it, an adjoining tract of 80 acres ; and had caused a deed for the first tract to be made to plaintiffs, and for the second, to his wife Lina and himself. That after two years occupation, he and his wife desired to dispose of the farm and invest the proceeds in Ft. Smith property, yielding rent, and to that end he procured letters of guardianship for his children ; and at the April term of the probate court of the county, obtained an order to sell the interests of his wards in the land at public or private sale. That after having negotiated with one Jno. O. Latham for the exchange of the premises for a lot and store house in Ft. Smith, he sold the two tracts to Joseph Brogan, the intes-

tate ; the part belonging to complainants being valued at
$4965.60.   The intention and understanding of the parties
was that he as guardian should convey the interests of his
wards, and that he as an individual should convey his half
interest in the 80 acre tract, whilst Mrs. Theurer should
convey her interest in both.   But the matter was entrusted
to a careless attorney, he says, who drafted two deeds, one
of which was executed by Theurer and wife, and the other
by Theurer only as guardian.   This is alleged as a mistake
by accident, inasmuch as Mrs. Theurer intended by one
deed or the other to convey all her interest in both tracts ;
and that all parties until very recently, remained under the
impression that it had been done.

The sales and deeds were reported to the court and duly
confirmed.   It is alleged that Brogan went into peaceable
possession and continued it adversely during life, and that
the administrator has held adversely since.

It is further stated that Brogan paid the money for both
tracts, and that Theurer invested the same money in the
purchase of the store house and lot from Latham, taking
the deed in his own name.   That he and his family
remained in possession of it, enjoying the rents and profits,
until it was destroyed by fire in 1872.   Further, that the
lots were of as great value as the land, and more available
to the family.   Theurer left the country in 1864 and has
not since been heard from.   The administration on his
estate has been closed.

The defendant administrator prays cross relief ; asking
—first, that the complainants be perpetually enjoined from
setting up any title or claim to the land ; and second, that
the title of the heirs and legal representatives of Joseph
Brogan be quieted ; or in the alternative, that if the court
should hold the sale by Theurer of his wards' interest to be
void, that an account be taken of the value, and of the
rents and profits of the Ft. Smith property occupied by the

plaintiffs, less the value of the rents and profits of the farm, and that complainants be decreed to pay the difference to respondent, and that the Ft. Smith property be charged.

To this answer and cross-bill there was a general demurrer which was overruled. The material facts of the cross-complaint were put in issue by the reply.

Upon hearing in equity the court found that said Lina and the elder of the children were barred by the statute of limitations; and as to the other complainant, although not barred, yet that all his interest had passed under the sale by his guardian; and that the deed from Wood and wife as to the third claimed by Mrs. Theurer was a cloud on the title of defendant Brogan. It was decreed that the title of the heirs and legal representatives of Joseph Brogan be quieted. The plaintiff moved for a new trial, which is unnecessary in a chancery proceeding of this nature, and brought upon the record by bill of exceptions such evidence and proceedings as would not otherwise have appeared in the record, which was proper.

From this statement it will be observed, that throughout, this is a contest on both sides, not alone for the immediate possession of the land, but to settle the title in fee simple for all time. The plaintiff's demand under claim of fee simple, and the object of the cross-complaint is to establish it in the heirs of Joseph Brogan, subject to any right his administrator may have to the possession. This right under our system is only a qualified one, depending on the existence of debts, and the necessity of charging the lands with them as assets. The relief granted affected the title. That title, if Joseph Brogan had any, belonged to the heirs, whom the administrator had no right to represent. See *sec. 68 of Gantt's Digest.*

In the action of ejectment, the plaintiff is not bound to make any other, defendant, than the party in possession; and the lessor of that party may come in and *defend* the

PARTIES: Necessary, in actions involving title to lands.

action, or any other person may through whom defendant claims title. But in equity cases, the general rule of law must prevail, that all persons whose interests are to be directly affected by the decree are either proper or necessary parties. And they are always necessary whenever "a deter-- mination of the controversy between the parties before the court cannot be made without the presence of other parties." When this becomes apparent the duty devolves upon the court, itself, to order them to be brought in, and to enforce its orders upon the parties before it by apt methods. *Ib.*, *sec. 4481*. A determination of a controversy regarding *title* to lands cannot be made without the presence of the heirs of a deceased person claiming them, although one regarding the possession, probably, might. No such con- troversy as the former ought to be allowed by the court to proceed. It is clear, for instance, that a bill in chancery, seeking to remove a cloud from title, or to relieve against a fraud, or correct a mistake affecting title, ought not to be entertained by a court without the presence of those to be benefited or barred by the decree. In this case it is the heirs principally who are benefited, or would be if the decree were proper. It does not appear in the pleadings that the lands are necessary to the administrator to pay debts. They may be or may not. The principal object of the decree is to determine title, and for that it is nugatory. If it had been against the heirs it would not have bound them. Being for them it cannot bind the plaintiffs, for estoppels must be mutual. The plaintiffs may sue the heirs again as soon as they take possession, It concerns the com- mon-weal that there should be an end of strife, and this is too meagre a result of a litigious proceeding.

Upon the filing of the equitable answer and cross-com- plaint it became evident that the controversy regarded title, and that the proper parties were not present. The cross- bill should have been by the heirs, with or without the

administrator. The court should have ordered the latter to bring them in, either as parties complainant, or if any refused, as parties defendant to the cross-complaint, or on default or disobedience, have confined him to a simple defense under the statute *pro interesse suo*. The ¦plaintiffs are not without fault. They might have moved the court for such an order, or have assigned the want of proper parties as a special ground of their demurrer. They demurred generally, and went to hearing on a cross-bill in equity, which made a contest between their own title, and that of parties who were not in court, nor represented there by any authorized person. We think the proceeding erroneous.

*Sisk v. Almon et al., 34 Ark., 391*, decides this very question if we do not recede from it. We have re-examined the question not without some misgivings, but can reach no other conclusion either on principle or authority. It is in harmony with the general practice of the State whose code of practice nearest resembles our own. *Newman's Pleading and Practice, p. 190*.

In Kentucky it is settled, both by the courts and afterwards by legislative enactment, that "wherever the petition omits a party deemed necessary by the chancellor, he ought, before final hearing, to notify the petitioner thereof, and give him reasonable time to supply the defect." A dismissal without that would be premature, *Ogle v. Clough, 2 Duv., 146;* but it is equally clear that *that much* should be done.

It may prevent misapprehension to add that this doctrine does not prevent one having a limited interest from defending and claiming to the extent of that interest. Here both the defense and claim for cross relief, and the decree itself, extended to the full fee simple, for the benefit of the heirs.

We regret, regardless of merit, to remand a case for further proceedings which has been a long time pending, but we cannot, without greater inconvenience in the future, allow the substantial principles of pleading to become con-

fused. Without the heirs we can pronounce no decree here,. likely to serve the purposes of any of the litigants or to· ·close litigation.

Reverse the decree and remand the cause with directions· to allow the defendant to make the heirs of Joseph Brogan parties complainant or defendant to the cross-bill, if he be· so advised; or to allow them to make themselves parties ;. or otherwise to dismiss the cross-bill and leave the defend-- ant to defend alone, to the extent of protecting his interest. as administrator. Let the costs of this court be borne equally by both parties.