## GAILEY v. RICKETTS.

### Opinion delivered March 6, 1916.

1. COMMISSIONER'S SALE—TITLE PASSES, WHEN—CONFIRMATION.—Until confirmation by the court, a sale made by a commissioner under a decree of court is not final and complete so as to pass the title to the property sold, and such sale may be set aside before confirmation thereof upon good and valid grounds.

2. COMMISSIONER'S SALE—RIGHT OF PURCHASER.—The purchaser at a commissioner's sale does not acquire a mere option, but a right to a deed, which becomes perfect upon confirmation of his purchase, and which, if confirmed, relates back to the time of his purchase, and the deed to him conveys such interests as he would have acquired if he had received his deed at the time of his purchase.

3. COMMISSIONER'S DEED—CROPS AND RENTS.—The purchaser of land at a commissioner's sale, in the absence of a reservation of rents or the right to growing crops, acquires, upon confirmation of the sale, a right to the same.

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

*McGill & Lindsey,* for appellant.

1. Where a landlord leases land and afterwards conveys it in fee without reservation of the growing crops, his interest in the crops passes to the purchaser. 10 Ark.

9; 14 *Id.* 286; 16 *Id.* 511, 520; 92 *Id.* 315; 50 Am. Dec. 233; 18 A. & E. 280, note 2. Where the deed contains no reservation of the growing crops it can not be established by parol evidence. 10 Ark. 9; 20 Mo. 457; 64 Am. Dec. 196; 56 Me. 126; 96 Am. Dec. 438; 89 Minn. 380; 99 Am. St. 603; 39 Ill. 372; 89 Am. Dec. 312.

2. When a judicial sale is conformed the rights of the purchaser relate back to the date of the sale and the purchaser is then considered the owner from and after that date. 99 Ark. 324.

*E. P. Watson,* for appellee.

1. The record was not filed within six months next after the judgment was rendered and the appeal should be dismissed. Acts 1915, p. 206; 26 Ark. 414.

2. Only the land was sold, not the crops nor rents. An intervener can not raise new issues in a cause. The question of rents and crops was not litigated. 17 A. & E. Enc. Pl. & Pr. 185. The question of rents could only be raised by the tenant and Gailey. 24 Ark. 545; 46 *Id.* 254; 29 *Id.* 575; 24 Cyc. 924.

3. The growing crops did not pass under the sale. They belonged to the tenant. 24 Ark. 545; 29 *Id.* 575; 46 *Id.* 254; 70 *Id.* 79. The court could not divest him of his legal title by a sale of the land for the purpose of partition. 48 Ark. 264; 54 *Id.* 346; 43 *Id.* 284; 24 Cyc. 1469 to 1472, 1244 and note 30, p. 1249. There was no attornment to the purchaser. 10 Ark. 602; 44 *Id.* 444-6. Chambers being in possession under lease, Gailey purchased subject to the lease. 24 Cyc. 924-6. The court did not and could not legally sell the growing crops, nor the rents. 18 A. & E., p. 263-4; 10 Ark. 6; 44 *Id.* 444; 48 *Id.* 135. The rents were not appraised. The evidence shows that there was a reservation of the rents. 33 Pa. St. 251; 61 N. Y. Supp. 218, App. Div. 3d Dep. 1899; 18 A. & E. 285; 76 Ala. 298; 10 B. Mon. 235; 81 N. Y. 308; 16 L. R. A. 305. A purchaser at judicial sale is only entitled to rent from the time when the right of possession attaches. 11 Lea. (Tenn.) 267; 53 Ark. 110.

4. Appellant is estopped. Ewart on Estoppel, p. 133; 89 Ark. 147; 100 *Id.* 397; 55 N. E. 35; 40 Cyc. 252, 271, 264-5.

SMITH, J. In a suit in the chancery court between the heirs at law of William Ricketts, deceased, for the partition of the lands of the deceased, there was rendered, on the 14th day of April, 1914, a decree finding and declaring the several interests of the parties, and a finding that the lands could not be partitioned in kind and an order that the lands be sold on a credit of three months for not less than two-thirds of their appraised value. The lands were appraised on May 23, 1914, and were thereafter advertised for sale by the commissioner appointed for that purpose. The notice of sale contained the following clause: "Possession will be given to the entire premises November 1, 1914, for fall sowing October 15, 1914."

The commissioner filed a report of sale on October 5, 1914, a day of the regular July term, with the appraisement and a copy of the notice of sale. The report showed that the land had been appraised at $8,000, and had been sold on the 19th day of June, 1914, to appellant for $6,050. No exceptions were filed to the report, and it was approved and the sale confirmed. In the order of the court approving the sale there was a finding by the court that the land had been rented by William Ricketts to one Ira Chambers, and that possession could not be delivered until November 1, 1914, and that fact was so understood by the purchaser at the time of the sale, and so stated in the notice of sale. Appellant appeared in open court and offered to pay his note, with the interest then due, whereupon the deed of the commissioner was examined and approved and ordered delivered to appellant. Except as stated there was no reservation of any kind in the decree of partition, or the order approving the sale, and the deed contained all the usual clauses without reservation of any kind.

On August 4, 1914, appellant gave notice in writing to the tenant and to the administrator that he claimed

all rents on the land. The tenant had been on the land
for several years, but he was a share cropper and re-
newed his tenancy from year to year. On August 28,
1914, appellant filed an intervention in the partition suit
in which he set up his claim of ownership to the rents,
and alleged that there was a growing crop of forty-five
acres of corn which had not then matured, and he prayed
an order that the rents be ordered delivered to him. On
the same day, by consent of all parties, the court ordered
the administrator to receive and hold the rent and corn in
dispute subject to the final order of the court and, by
the subsequent agreement of the parties made and filed
November 12, 1914, the administrator was directed to
sell the corn and hold the proceeds of the sale subject
to the conditions of the order of August 28, 1914.

On December 4, 1914, appellees filed an answer to
appellant's intervention, in which it was alleged that the
tenant rented the land from year to year as a share crop-
per, but that he sowed wheat in the fall of 1913 and had
planted the corn at the usual time in the spring of 1914.
It was alleged that William Ricketts died December 10,
1913, after renting the lands for the following year, and
that all of the heirs had notice of this tenancy, and that
the tenant was not a party to the partition suit and was
not bound by any orders entered therein. That when
the lands were sold under the decree of partition the
crops raised by the tenant were not sold, but were re-
served from sale, and appellant had knowledge of that
fact, and well knew that he was not purchasing the crop,
and that had the crops been taken into account the land
would have been appraised for a larger amount.

There is conflicting proof as to what announcements
were made at the sale. An auctioneer was employed by
the commissioner to cry the sale, and it is testified that
he stated the crops were not being sold. The auctioneer
testified that during the bidding someone in the crowd
asked, "What about the crops?" and he said, "We sell
the land," and another person asked, "Does the crop
go?" and witness answered, "We are selling the land,"

and that he meant thereby to inform all persons that he was not selling the crops. Other witnesses who were present at the sale testified that they heard what was said and did not understand that there was any reservation of any kind. It is not claimed that the commissioner himself made any announcement about any reservation.

Appellant testified that he understood he was getting the crops, otherwise he would not have paid as much as he did, although he admits that he was told immediately after the sale by the attorney for the heirs, while he was fixing his note, that he did not get the crops, and he admits stating to the administrator that "your lawyer says I don't get the crop on the place, and if that is so I want a chance to buy it," and it is shown that he did buy some straw and hay, but this was done before he got his deed. He purchased the corn at the sale by the administrator, but this was done subject to an agreement that the rights of the parties should not be affected by this sale.

It is insisted that any right which appellant has should be enforced in an independent suit at law against the tenant. It is true, of course, that the tenant would be entitled to a day in court before his liability for rents could be fixed, and it is no doubt true that he could not properly be made a party to this litigation for that purpose, as this would involve the bringing in of new parties and the determination of new issues, which would change the nature of the cause of action. But the tenant is not a necessary party here. There is no question about the nature and extent of his liability, and no judgment of any kind is asked against him. This litigation now involves a fund in the hands of the commissioner, and all of the parties who claim an interest in the fund are before the court. The tenant claims no interest in this fund, and is not concerned about any decision which the court may render.

It is very earnestly insisted that appellant is estopped from claiming the rents, and this appears to be the principal question in the case. It is insisted that the chancellor's finding that announcement was made that

the crops were reserved from the sale is not against the preponderance of the evidence. It may be assumed that such is the case, and yet we think that finding would not be controlling. The decree made no reservation, and the authority of the commissioner relates to its provisions. The deed is made the final evidence of the property and the rights conveyed, and no reservation is found there. It is true the notice itself contained the reservation set out above. But if this notice was controlling, we think it insufficient to reserve the rents. It is not so stated in the notice. The language employed was that of the officer making the sale, and the reservation there contained relates only to the question of possession. It is not recited that the purchaser would not get the rents. Of course, it is generally true that the right to the rents follows the right to the possession, but here the right of possession was in the tenant, and the notice undertook to say when and for what purpose the purchaser might share the possession with the tenant. The right of Chambers to his interest in the crops grown during the year 1914 could not be affected by any act of the parties nor, for that matter, by an order of the court.

It is settled that until confirmation by the court, a sale made by a commissioner, under a decree of court, is not final and complete so as to pass the title to the property sold, and that such sale may be set aside before confirmation thereof, upon good and valid grounds. Still the purchaser at such a sale does not acquire a mere option, but a right to a deed, which becomes perfect upon the confirmation of his purchase, and which, if confirmed, relates back to the time of his purchase, and the deed to him conveys such interests as he would have acquired if he had received his deed at the time of his purchase. *Brasch* v. *Mumey*, 99 Ark. 324; *Robertson* v. *McClintock*, 86 Ark. 255. In the early case of *Gibbons* v. *Dillingham*, 10 Ark. 9, it was held that, where a landlord leases land and afterwards conveys it in fee, without reservation of the growing crops, his interest in such crops passes to

the purchaser. *Latham* v. *First National Bank,* 92 Ark. 315.

If there was no reservation of the right to the rents, then the deed of the commissioner conveyed to the purchaser that interest which a deed from the heirs, as of that date, would have conveyed. The crop at that time had not matured and had not been gathered, and such a deed would have conveyed the entire interest of the landlord in the rents, and as we are of the opinion that the reservation set out above in the notice of sale was insufficient to reserve the right to the rents, we must hold that this right passed to appellant under his purchase and deed.

The decree of the court below will, therefore, be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.