OLIVER v. DEFFENBAUGH.

Opinion delivered November 3, 1924.

1. MORTGAGES—RIGHTS OF PURCHASER AT FORECLOSURE SALE.—A purchaser at a mortgage foreclosure sale is entitled to possession and rents and profits, including ungathered crops, after notice to quit and demand for rents and profits.

2. MORTGAGES—NOTICE OF ISSUANCE OF WRIT OF ASSISTANCE.—Notice that a writ of assistance to place the purchaser at foreclosure sale in possession is in the sheriff's hands for execution is equivalent to a notice to quit and demand for rents and profits.

3. MORTGAGES—RIGHT TO REDEEM FROM MORTGAGE FORECLOSURE.—Under Crawford & Moses' Dig., § 7411, authorizing a mortgagor to redeem property sold at foreclosure sale within a year, where the mortgagor exercises this right, he is entitled to an accounting for rents and profits received by the purchaser or her grantee during such period of redemption.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

STATEMENT OF FACTS.

E. E. Deffenbaugh and others brought this suit against Mrs. V. C. Irvin and R. F. Oliver to recover damages for the wrongful taking of certain crops of corn, cotton and hay claimed by the plaintiffs.

The defendants claimed the crops by virtue of the purchase of the land on which it was grown at a mortgage foreclosure sale.

The record shows that E. E. Deffenbaugh and Lula Deffenbaugh, his wife, executed a mortgage to V. C. Irvin on 265 acres of land situated in Crawford County, Arkansas, to secure an indebtedness in the sum of $1,200, evidenced by a promissory note, dated February 1, 1920, and payable December 1, 1920, with interest at the rate of 10 per cent. per annum from date until paid. E. E. Deffenbaugh made default in the principal and interest on said note when it became due, and V. C. Irvin brought suit in equity to foreclose her mortgage.

The case was heard and determined in the Crawford Chancery Court on the first day of May, 1922. The

court rendered judgment in favor of V. C. Irvin against E. E. Deffenbaugh for the amount of the note and the accrued interest, and provided that, upon default in the payment of the amount found due, the mortgaged premises should be sold by a commissioner appointed by the court in satisfaction of the mortgage. Default was made by E. E. Deffenbaugh in the payment of the judgment, and the land was sold by the commissioner and bid in by V. C. Irvin for the sum of $1,523.57. The commissioner made a report of his proceedings to the chancery court, and was ordered to execute a deed to the purchaser. Pursuant to the directions of the chancery court, the commissioner duly executed a deed to said land to V. C. Irvin. The report of the commissioner was approved by the court, and the deed was examined and approved by the court on the same day, and the acknowledgment of the commissioner to the deed was taken in open court on the 19th day of June, 1922.

On the 26th day of July, 1922, the clerk, in obedience to an order of the Crawford Chancery Court, issued a writ of assistance to V. C. Irvin, and the sheriff of Crawford County was ordered by it to remove E. E. Deffenbaugh and Lula Deffenbaugh from said premises and to place V. C. Irvin in possession thereof. This writ was duly delivered to the sheriff, and E. E. Deffenbaugh and his wife were notified that it was in the hands of the sheriff for service, on or about the first of August, 1922. They were not actually dispossessed by the sheriff, however, until the 6th day of October, 1922.

According to the evidence in behalf of the plaintiffs, there was at that time on said premises more than 6,000 pounds of cotton which had not been picked, and also a small amount of corn that had not been harvested. Mrs. V. C. Irwin sold the land to R. F. Oliver, after she had purchased it at the foreclosure sale.

According to the testimony of Oliver, he took possession of the premises after E. E. Deffenbaugh and his wife had been dispossessed, and gathered the crops standing on the land. He picked about 3,000 pounds of cotton and

harvested a small amount of corn and hay, and kept the same, or the proceeds thereof.

The court told the jury as a matter of law that the plaintiffs were entitled to recover the value of the ungathered crops on said premises at the time they were dispossessed. The only question submitted to the jury was as to the value of these crops.

The jury returned a verdict in favor of the plaintiffs for the sum of $426.98, and from the judgment rendered the defendant, R. F. Oliver, has duly prosecuted an appeal to this court.

*C. M. Wofford,* for appellant.

The court erred in holding that the purchaser at the mortgage sale was not entitled to possession of the purchased lands nor to the rents and profits of the same during the period of redemption. 65 Ark. 129; 66 Ark. 572; 123 Ark. 18. The court erred in holding that the mortgagor was not bound by the decree of the chancery court confirming the sale to the mortgagee until the writ of assistance was actually executed. 8 R. C. L. 360; 8 R. C. L. 361.

*E. D. Chastain,* for appellee.

HART, J., (after stating the facts). Under the facts stated, the court erred in instructing the jury that the plaintiffs were entitled to the ungathered crops on the mortgaged premises at the time they were dispossessed. The law is that the mortgagee, having purchased the mortgaged premises at a foreclosure sale, is entitled to the possession of the same and to the rents and profits, after notice to quit and a demand for the rents and profits has been made. A purchaser from the mortgagee during the period of redemption has the same rights as the mortgagee. *North American Trust Co.* v. *Burrow,* 68 Ark. 584, and *Tallman* v. *Heuck,* 152 Ark. 438.

The record shows that the mortgagee, Mrs. V. C. Irvin, purchased the mortgaged premises at the foreclosure sale, and that the sale was duly confirmed by the court. A deed to the mortgaged premises was also

executed to her, which was approved by the court, and possession was awarded her.

Pursuant to this direction of the chancery court, a writ of assistance was issued by the clerk of the court on the 26th day of July, 1922. The writ of assistance was placed in the hands of the sheriff, and notice of its issuance was given to E. E. Deffenbaugh. It is true that the writ was not executed until the 6th day of October, 1922; but the issuance of the writ and notice to Deffenbaugh that it had been placed in the hands of the sheriff for execution was equivalent to a notice to quit and a demand for the rents and profits.

The record shows that Deffenbaugh had notice that the writ had been placed in the hands of the sheriff for execution about the first day of August, 1922. Therefore Mrs. V. C. Irvin and Oliver, her grantee, were entitled to the rents after this date. At that time the confirmation of the sale had been obtained.

In *Gailey* v. *Ricketts*, 123 Ark. 18, it was held that the purchaser of land at a commissioner's sale, in the absence of a reservation of rents or the right to growing crops, acquires, upon confirmation of the sale, a right to the same.

It necessarily follows that the court erred in telling the jury that the plaintiffs were entitled to the ungathered crops when they were dispossessed of the land.

The mortgagor had the right to redeem the property sold at the foreclosure sale at any time within a year from the date of the sale. Crawford & Moses' Digest, § 7411. Of course if he should exercise this right, Deffenbaugh would be entitled to an accounting for the rents and profits received by Mrs. V. C. Irvin and her grantee during the statutory period of redemption.

It follows that the judgment must be reversed, and the cause will be remanded for a new trial.