BANK OF WEINER *v.* JONESBORO TRUST COMPANY.

Opinion delivered May 11, 1925.

1. MORTGAGES—FILING OF UNACKNOWLEDGED MORTGAGE.—A chattel mortgage, the acknowledgment of which was not signed by the notary public who took the acknowledgment, was not entitled to be filed under Crawford & Moses' Digest, § 7384; and such mortgage constituted no lien as to third parties, even though they had actual notice of it.

2. MORTGAGES—EFFECT OF SUIT TO FORECLOSE AND APPOINTMENT OF RECEIVER.—Where a mortgagee of land brings suit to foreclosure his mortgage and procures the appointment of a receiver to take charge of the land, this has the effect of impounding the unsevered crop then growing on the land.

3. APPEAL AND ERROR—ISSUE NOT RAISED BELOW.—In a foreclosure suit the issue that the court erred in decreeing a sale of a growing crop of cotton, instead of entering a decree for the rental value of the land, not being raised by the pleadings below, could not be raised on appeal.

Appeal from Poinsett Chancery Court; *J. M. Futrell,* Chancellor; affirmed.

*Hawthorne, Hawthorne & Wheatley,* for appellant.

*Horace Sloan,* for appellee.

SMITH, J.  On January 12, 1923, the Jonesboro Trust Company took a real estate mortgage on certain lands belonging to Otto Ruegger.  On January 18, 1923, the Bank of Weiner took a chattel mortgage on a rice crop to be grown by Ruegger on said lands during the year 1923.  The chattel mortgage was signed by Ruegger, and the notary public attached his seal thereto, but failed to sign his name to the certificate of acknowledgment.  This chattel mortgage was forwarded to the circuit clerk of Poinsett County, in which the property was situated, "to be filed but not recorded," as authorized by § 7384, C. & M. Digest, and was so marked filed by the clerk on the 19th day of January, 1923.  This chattel mortgage was given to secure an indebtedness then due the bank and to secure future advances to be made by it.

After the rice crop had matured and cutting had begun, the Jonesboro Trust Company filed suit to foreclose its mortgage, and had a receiver appointed by the chancellor in vacation.  The holder of a prior mortgage and the Bank of Weiner were made parties to this proceeding, and, at the final hearing, the court held that, as the notary public did not put his signature to the certificate of acknowledgment, the mortgage was void as against third parties, and the trust company, by reason of having a receiver appointed, was entitled to all of Ruegger's crop not cut at the time of the receiver's appointment, and the Bank of Weiner, hereinafter referred to as the bank, has appealed.

The bank contends that the mortgage was good as between it and Ruegger, that the receiver took no greater interest in Ruegger's crop than Ruegger had, that its mortgage was an equitable one, and that, in any event, the trust company would be entitled only to the rents

and profits of the land, and not the entire ungathered crop.

It was alleged in the bill to foreclose that Ruegger was insolvent, and that the land was not of sufficient value to pay the indebtedness secured by appellee's mortgage and the prior mortgage, and that the crop would be required for that purpose. The truth of this allegation was shown by the fact that the proceeds of the sale of the land, including the crop, under the decree of foreclosure, were insufficient to pay the debt due appellee.

The failure of the notary public to sign the certificate of acknowledgment to the chattel mortgage executed to the bank rendered the certificate void, and that mortgage was in effect an unacknowledged instrument. *Davis* v. *Hale*, 114 Ark. 426. This being true, the chattel mortgage was not entitled to be recorded, and the fact that it was filed with the clerk is unavailing, and, while it was good between the parties thereto, it constituted no lien on the property therein described as to third parties, and was not binding on them, even though they had had actual notice of it. *Cross* v. *Fombey*, 54 Ark. 179.

In regard to the contention that the mortgage to the bank is an equitable one and should be given priority as such, it may be said that this is a legal mortgage. It was in fact good between the parties thereto, and might have been foreclosed as between the parties, without the intervention of a court of equity. But, so far as third parties were concerned, this chattel mortgage was not a mortgage at all, because it had not been properly acknowledged, and was not therefore entitled to be placed of record. Sections 7380, 7381, C. & M. Digest; *Merchants' & Planters' Bank* v. *Citizens' Bank*, 125 Ark. 131, 135, and the numerous other cases cited in appellee's brief. *

---

*Cases cited in appellee's brief: *Challis* v. *German Nat. Bank*, 56 Ark. 88; *Main* v. *Alexander*, 9 Ark. 112; *Hannah* v. *Carrington*, 18 Ark. 90; *Jarratt* v. *McDaniel*, 32 Ark. 598; *Haskill* v. *Sevier*, 25, Ark. 153. (Rep.)

The mortgage to appellee contained a clause accelerating the maturity of the debt there secured in the event Ruegger made default in the payment of the taxes due on the land mortgaged, and it was alleged and shown that Ruegger had made default in this respect.

Upon filing this suit to foreclose, appellee asked that a receiver be appointed, and this was done, and the receiver gathered the portion of the crop which, at that time, was unsevered from the soil, and this unsevered crop was sold under the decree of the court.

Appellee was entitled, under the allegations of the complaint, to have a receiver appointed to take charge of the land (§ 8612, C. & M. Digest), and, when he did so, this action resulted in impounding the unsevered crop then growing on the land.

In the case of *Osburn* v. *Lindley,* 163 Ark. 260, the court said: "The bringing of this action (a suit to foreclose a vendor's lien) and the petition asking for the appointment of a receiver to take charge of the rents and profits of the lands on which the vendor's lien existed, had the effect of impounding the proceeds of those rents and profits in the hands of the receiver for the benefit of the vendor, to be appropriated in satisfaction of the decree in his favor for the purchase money. The rents and profits on the lands, after their sequestration by the institution of this suit and the appointment of a receiver, stand in the same category as the land itself. A vendor's lien in equity is of the same nature as a mortgage, and is treated and enforced as such. (Citing cases)." See also *Lee* v. *Bandimere,* 140 Ark. 277; *Gailey* v. *Ricketts,* 123 Ark. 18; *Oliver* v. *Deffenbaugh,* 166 Ark. 118.

It is finally insisted that the court below erred in decreeing a sale of the crop, and should have given appellee a decree for the rental value of the land only. In reply to this contention, it may be said that no such issue was raised by the pleadings in the court below; and it may be further said that Ruegger has not appealed, and,

as the bank has no lien on the crop, it is in no position to raise the question.

Moreover, the lien of appellee's mortgage on the land attached to the growing crop when the land was impounded for the purpose of foreclosure, and the crop was therefore subject to sale along with the land, as it had not been severed by the execution of a valid mortgage thereon, or otherwise.

It is true appellee's mortgage did not specifically describe the crop, but the mortgage to the bank on the crop would have been a lien thereon only from the date of its filing, and, as it was not entitled to be filed, it must be treated as not having been filed, and the lien of the mortgage on the land attached to the crop growing thereon at the time possession was taken of the land for the purpose of foreclosure. The court did not therefore err in directing the sale of the unsevered crop, instead of rendering a decree for the rental value of the land only.

The decree is correct, and is affirmed.