WARD *v.* JACKSON.

Opinion delivered January 20, 1930.

*W. E. Beloate*, for appellant.

*Smith & Blackford*, for appellee.

SMITH, J. This suit was filed by T. W. Jackson on December 10, 1928, to foreclose a mortgage which W. E. Ward had executed on a forty-acre tract of land owned by him, and a default decree was rendered on January 3, 1929, in which a commissioner was appointed to sell the land, in satisfaction of the debt secured by the mortgage.

The complaint alleged that, the conditions of the mortgage had not been performed, and that the property was insufficient to pay the mortgage debt, and upon these allegations a receiver was appointed, with directions to take charge of the land and rent it for the year 1929, and J. A. McClusky was appointed receiver.

In September, 1928, Ward rented about twenty-five acres of the land to Joe Wilson for the year 1929. Wilson was then a tenant on the place, and had been for several years. Pursuant to the contract between Ward and Wilson for the cultivation of the land in 1929, Wilson sowed about four acres in oats in September, 1928, and made other preparations and arrangements to cultivate the land in 1929. Wilson was not a party to the foreclosure suit in which the receiver was appointed.

On March 6, 1929, the receiver filed with the court a report, in which he recited that pursuant to his appointment he had entered into a contract with Clarence Jackson as a tenant to cultivate all the land in 1929, and on March 1, 1929, Clarence Jackson gave Wilson notice that he would apply on March 6 to the court for a writ of assistance, under which he might be put in possession of the land. Testimony was taken on the hearing of this application, and the court ordered the writ to issue dispossessing Wilson, and placing Clarence Jackson in possession, and this appeal is from that order. Wilson gave a supersedeas bond, and remained in possession. Before this order directing that Wilson be dispossessed was made, but after the appointment of the receiver, Ward obtained a loan on the security of the land, and the 1929

rent, with which to pay the mortgage debt, and the mortgage was canceled.

The rights of a mortgagee under conditions alleged in the complaint are well-defined, and are fully stated in the following cases: *Gailey* v. *Ricketts,* 123 Ark. 18, 184 S. W. 422; *Oliver* v. *Deffenbaugh,* 166 Ark. 118, 265 S. W. 970; *Osborn* v. *Lindley,* 163 Ark. 260, 259 S. W. 729; *Bank of Weiner* v. *Jonesboro Trust Co.,* 168 Ark. 859, 271 S. W. 952; *Deming Investment Co.* v. *Bank of Judsonia,* 170 Ark. 65, 278 S. W. 634; *Wood* v. *Bigham,* 170 Ark. 253, 279 S. W. 779; *O'Connell* v. *St. Louis Joint Stock Land Bank,* 170 Ark. 778, 281 S. W. 385.

It is unnecessary to review these cases, and it will suffice to say that the appointment of a receiver was not improper, and his right to collect the 1929 rent, under the allegations of the complaint, was clear, if this had been necessary to discharge the mortgage debt. But the instant case does not involve the right to collect the 1929 rent. There is involved only the question of the right of possession. There would have been no question about the receiver's right to collect the rent from Wilson for 1929, had this been necessary to pay the mortgage debt. But this is not necessary, the debt had been paid and the mortgage satisfied before Wilson was ever made a party to the proceeding. There was therefore no occasion to continue the receivership. There may have been some question as to costs of suit, but that question is not presented by the record before us.

In the case of *Deming Investment Co.* v. *Bank of Judsonia, supra,* it was said: "In the case at bar there was no mortgage of the rent. Consequently the rents and profits were not pledged by a mortgage on the land, and they belonged to the mortgagor, or third person claiming under him, subject to the rights of the mortgagee in the premises. In equity a mortgage of lands is only security for the mortgage indebtedness. Hence, the mortgagor has a right to lease, sell, and in every respect to deal with, the mortgaged premises as owner, so long as he is permitted to remain in possession, and so long as it

is understood and held that every person taking under him takes subject to all the rights of the mortgagee unimpaired and unaffected.'' (Citing authorities).

So, here, in accordance with farming usage, Ward, who had given no mortgage of the rents, was in possession of the land, and, in accordance with custom, rented it in the fall of 1928 for the year 1929, and his tenant Wilson had sowed his oats. There is no intimation of any collusion between Wilson and Ward, the mortgagor, to impair the security of the mortgage. Wilson was in possession, and of this fact all parties had notice, both constructive and actual. His presence on the land, and his rights there, should have been taken into account, yet he was not made a party to the litigation until after the mortgage debt had been paid. Under these circumstances, it was error to award the writ dispossessing Wilson. *McLain* v. *Smith*, 4 Ark. 244; *Jett* v. *Cave*, 5 Ark. 254; *Fletcher* v. *Hutchison*, 25 Ark. 30; *Buckner* v. *Sessions*, 27 Ark. 219; *Smith* v. *Moore*, 49 Ark. 100, 4 S. W. 282; *Theurer* v. *Brogan*, 41 Ark. 88; *Choctaw O. & G. R. Co.* v. *McConnell*, 74 Ark. 54, 84 S. W. 1043; *Thompson* v. *Grace*, 91 Ark. 52, 120 S. W. 397; 19 R. C. L., § 336, p. 533.

In 3 Jones on Mortgages (8th ed.), pages 264 and 265, it is said: ''A tenant in possession of mortgaged premises under lease from the mortgagor is a proper party to foreclose, in order to control his possession, and he has been held a necessary party, in order to affect his rights.'' Our own case of *Buckner* v. *Sessions, supra,* is cited to support this text.

The decree will therefore be reversed, and the cause is remanded, with directions to enter a decree conforming to this opinion.