PLANTERS MERCANTILE COMPANY *v.* PLANTERS COTTON COMPANY.

Opinion delivered March 19, 1917.

RENTS—FORECLOSURE—TO WHOM PAYABLE.—Lands subject to a mortgage were sold to appellant under foreclosure. A receiver meantime had been appointed, the lands rented, and the receiver ordered to pay

taxes and other charges against the property. *Held,* under the facts that the excess of the rents, over the accounts required to be paid for taxes, etc., would be applied to the mortgage debt, and would not go to the purchaser at the sale.

Appeal from Mississippi Chancery Court, Osceola District; *Chas. D. Frierson,* Judge; affirmed.

*Hughes & Hughes,* for appellant.

1. Appellant was entitled to the rents. 92 Ark. 315; 10 *Id.* 9; 24 Cyc. 64; Jones on Mortg. (7 ed.), § 1659; Underhill on Landl. & Ten., § § 32, 322; 185 U. S. 354, 361; 45 Iowa, 670; 119 Ark. 543, etc. But this case is ruled by 123 Ark. 18, 22-3-4. There was no reservation of the rents at the sale, and they were not due until after the sale. They passed to the vendee at the sale. Cases, *supra;* 17 A. & E. Enc. L. (2 ed.) 1015; 45 Ia. 670; 4 Baxter, 227; 185 U. S. 354; 31 Atl. 1050; 100 S. C. 324; 27 N. D. 100; 67 Wash. 135; 80 Ky. 501; 10 Leigh, 317; 59 Oh. St. 540; Wiltsie on Mortg. Forecl. (3 ed.), § 718, etc.

*Caruthers Ewing,* of Memphis, Tenn., and *J. T. Coston,* for appellees and cross-appellants.

1. The case in 123 Ark. 18 is not in point. There the commissioner did not state that the purchaser would *not* get the rents. Here the commissioner stated, at least, that it was uncertain who would get the rents. The purchaser got just what the commissioner told it it would get.

The recitals in the notice of sale advised appellant that the rents were reserved. 69 S. W. 1084; 43 Md. 560; 3 Ky. Law Rep. 469.

2. Contend that the sale was void, but the authorities are not cited as the validity of the sale is not questioned by the court in its opinion. As to the rents, the decree should be affirmed.

HART, J. On September 16, 1916, appellant purchased a tract of land under a mortgage foreclosure sale, and the sale was confirmed by the chancery court on September 20, 1916. From the decree of the chancellor denying him the right to the rents, the appellant prosecutes

this appeal. This is the second appeal in the case. The opinion on the former appeal is reported in 124 Ark. 360, under the style of *Coffin* v. *Planters Cotton Company*. The original suit involved the priority of the mortgages of appellee and other parties and also a foreclosure of the same. On January 17, 1915, the parties consented to the appointment of a receiver for the lands involved in the action. The receiver was ordered to rent the farm for the best price obtainable for the year 1915, and was further authorized to discount any of the rent notes and to apply the proceeds to the payment of taxes and drainage and levee assessments against the property.

Some time in the summer of 1915, the court rendered a decree in which it settled the priority of the mortgages on the lands and ordered a sale of the lands to satisfy the mortgage indebtedness. The decree of foreclosure provided that the sale should be made without equity of redemption and that the purchaser should be entitled to the possession on January 1, 1916, if the sale be made before that date, and if the sale be not made before that date that the purchaser shall have immediate possession. An appeal was taken from the decree to this court and for that reason a sale of the premises under the decree was not had. The receiver had been appointed by the court as special commissioner to make the sale. The decree of the chancellor was affirmed in an opinion delivered by this court on June 12, 1916. In March of that year the receiver had rented the land again, and in the rent contract it was provided that the rents should be payable on November 15, 1916. The mandate of the Supreme Court was issued on the 21st day of July, 1916. It is not shown on what day the mandate was filed in the chancery court, but the record does show that notice of the mandate was waived.

The special commissioner advertised the lands for sale under the original decree by the chancery court and fixed September 16, 1916, as the day for the sale. The notice stated that the sale would be in bar of the equity

of redemption and that the purchaser would be entitled to the possession on January 1, 1917. The land sold for $19,000 and the Planters Mercantile Company became the purchaser. Exceptions to the report of sale were filed in the chancery court and were acted on on the 20th day of September, 1916. On that day the court confirmed the sale and the purchaser having elected to waive the time and pay the purchase price in cash, the commissioner was ordered to make him a deed. In the order of confirmation, the court held that the Planters Mercantile Company was not entitled to the rents for 1916, and decreed the same to belong to the Planters Cotton Company, one of the mortgagees and a party to the suit. The receivership was continued with directions to the receiver to collect the rent for 1916, and pay out of it all taxes and assessments which may have accrued and remained unpaid upon the land.

The special commissioner testified that on the day of the sale there was a difference of opinion between the parties interested as to whether the purchaser would get the rents for the current year. He stated that he announced to the bidders that the sale would be made on the supposition that the rents would not go to the purchaser and they could bid accordingly. On cross-examination he was asked that, if instead of making this statement, he did not say it was uncertain as to what would become of the rents and he said it was uncertain, and therefore the bidders would bid with the understanding of a possibility of the rents not going with the land.

It is the contention of appellant, the purchaser at the sale, that it is entitled to the rents under the authority of *Gailey* v. *Ricketts,* 123 Ark. 18. Under the facts of that case there was no reservation of the right to the rents and the court held that the deed of the commissioner conveyed to the purchaser that interest which a deed from the heirs as of that date would have conveyed. In that case the commissioner himself did not make any announcement about any reservation of the rents. The notice of sale

contained a clause that possession would be given to the entire premises November 1, 1914, and for fall sowing October 15, 1914. There was a tenant in possession of the property and the court held that the notice only undertook to say when and for what purpose the purchaser might share possession with the tenant. The court further said that the decree of foreclosure made no reservation of the rents and that the authority of the commissioner related to its provisions. Here it may be said that the facts are essentially different. A receiver had been appointed in the early part of January, 1915, and had been given authority to rent out the land and take rent notes therefor. He was directed to discount the rent notes and pay certain taxes and assessments against the lands.

A final decree was entered of record in the latter part of the summer in which the priority of the mortgages was settled and the mortgages ordered to be foreclosed. The decree of foreclosure provided that the sale should be made without equity of redemption and that the purchaser should be entitled to possession on January 1, 1916, if the sale was made before that date, and, if afterward, the purchaser should have immediate possession. This indicates that the court had in mind that he had already directed the receiver to rent out the lands and to discount the rent notes in order that he might pay certain fixed charges against the land and that it intended to reserve the rents from the sale. It was evidently intended that the sale should be made during the fall of 1915, or in any event during the first part of 1916. No sale was made as contemplated by the decree because an appeal was taken to this court. The record shows that the receiver rented out the land again for the year 1916. This court affirmed the decree of the chancellor on June 12, 1916, and its mandate was issued on July 21, 1916. After the mandate was filed in the chancery court, it appears that the special commissioner advertised the lands for sale without any further directions from the court. The notice of sale provided that it should be in bar of the

equity of redemption and that the purchaser would be entitled to possession on January 1, 1917. It will be remembered that the special commissioner was also the receiver in the case. It is evident then that the recital in the notice just referred to was in conformity with the decree and not contrary to its provisions. The evident purpose of the decree was to reserve the rents from sale because they had already been sequestered by the appointment of a receiver to collect them and dispose of them under orders of the court. On account of the appeal to this court the sale was postponed for about one year and the commissioner in his notice of sale stated that the sale would be in bar of the equity of redemption and that the purchaser would be entitled to possession on January 1, 1917, instead of saying January 1, 1916, as literally directed in the original decree. The evident purpose of the language of the original decree was to reserve the rents from the sale regardless of when the sale should be made. This reservation of the rents no doubt was made because of the appointment of the receiver and the disposition ordered to be made of them by him. Therefore, under the circumstances of this case we think there was an express reservation of the rents from the sale and that the court properly directed them to be applied to the mortgage debt instead of giving them to the purchaser under the foreclosure sale.

It follows that the decree must be affirmed.