SACHS v. NORTON-WHEELER STAVE COMPANY.

Opinion delivered April 17, 1922.

1.  APPEAL AND ERROR—FINDING ON CONFLICTING EVIDENCE.—A finding of the circuit court on conflicting evidence will not be disturbed on appeal.

2.  VENDOR AND PURCHASER—SEVERANCE OF RENT FROM FEE.—Where the annual rent of land on January 15, was payable in advance, and the vendor collected it when due, and before he deeded the land to a purchaser on January 20, this had the effect of severing the rent for the year from the fee.

Appeal from Jefferson Circuit Court; *W. B. Sorrels,* Judge; affirmed.

STATEMENT OF FACTS.

Lewis Sachs brought this suit in the circuit court against the Norton-Wheeler Stave Company, a firm composed of E. R. Norton and A. G. Wheeler, to recover the sum of $300 alleged to be due as rent on a certain tract of land.

The defense was that the lessees had paid the rent to the proper person and that the plaintiff was not entitled to it.  On the 15th day of January, 1916, R. M. Fletcher leased to the Norton-Wheeler Stave Company a tract of land for five years and the lessees agreed to pay as rent $300 per annum payable in advance.

On May 17, 1917, the lease was assigned to J. C. Clippard and Wm. B. Schaefer, who thereafter collected the rent for the years 1918, 1919 and 1920.  The rent for 1920 is in controversy in this case.  J. C. Clippard and Wm. B. Schaefer also by deed acquired title to said land and in the summer of the year 1919 agreed to sell the land to Lewis Sachs.

According to the testimony of Lewis Sachs, the agreement to sell the land to him was made in the summer of 1919, but there was some disagreement about the form of the deed and the sale was not finally closed by the execution of a deed by Wm. B. Schaefer until the 26th day of January, 1920.  At that time Sachs paid to Schaefer the purchase price of the land, and it was understood that the rent from that time on should be paid to him.  On the 26th day of January, 1920, Sachs demanded the rent of E. R. Norton, a member of the firm of the Norton-Wheeler Stave Company.  Norton told him that he would have to get an order from Mr. Schaefer before he could pay the rent to Sachs.  Norton paid the rent to Schaefer on the 10th day of February, 1920.  Schaefer made the deed to S. & E. Sachs, as directed by Lewis Sachs.  The deed was filed for record on March 31, 1920.  The lease contract in question was assigned by Clippard and Schaefer to S. & E. Sachs, but the date of the assignment does not appear.  The testimony of Lewis Sachs was corroborated by his son.

Wm. B. Schaefer was a witness for the defendants.  According to his testimony, the sale of the land was consummated some time during the month of January, 1920, and, as a part of the consideration for the deed, Schaefer was to retain all the rents he had collected.  He had collected the rent for the year 1920, and retained it as a

part of the consideration for the sale of his interest in the land to Sachs.  Subsequently Schaefer assigned his rights in the lease contract to S. & E. Sachs.  He thinks the assignment was made in February or March, 1920.

Other facts will be stated or referred to in the opinion.

The court made a special finding of fact in favor of the defendants and judgment was rendered in their favor.  To reverse that judgment the plaintiff has duly prosecuted an appeal to this court.

*Taylor & Jones,* for appellant.

The fee simple title to land carries with it the right to absolute dominion, where the property is rented at the time it is conveyed, and unless the deed reserves the right in the grantor to collect the rents, these pass as a necessary incident with the land to the grantee.  92 Ark. 319; 123 Ark. 23; 10 Ark. 9.

*Bridges & Wooldridge,* for appellee.

The rent of the land goes to the one who owns the reversion at the time the rent falls due, regardless of the question of ownership during the earning period.  L. R. A. 1915-C, p. 231, note (e); *Id.* p. 299 note (b); *Id.* p. 245. See also 16 R. C. L. p. 852; *Id.* p. 915; 92 Ark. 315.  The rents may be severed from the reversion, so that the right to collect rent notes does not pass with the reversion.  96 Ark. 230.

HART, J. (after stating the facts).  Counsel for the plaintiff seek to reverse the judgment on the authority of *Latham* v. *First National Bank of Ft. Smith,* 92 Ark. 315, and *Gailey* v. *Ricketts,* 123 Ark. 18.  In those cases it was held that where property is rented at the time it is conveyed, the right to receive the rent subsequently due passes to the grantee, unless the deed reserves the right in the grantor to collect and receive the rents.

The case was tried before the circuit court sitting as a jury, and those cases would have been authority for the plaintiff if the finding of fact by the trial court had been in his favor.  According to the testimony of the

plaintiff himself, while the trade for the land was practically agreed upon in the summer of 1919, it was not closed until the deed was executed and the purchase price paid on the 26th of January, 1920.

According to the testimony of the plaintiff, and of his son, payment of the rent was demanded of the defendants on the 26th day of January, 1920, and E. R. Norton, one of the defendants, told the plaintiff that he could not pay him the rent until he had procured an order to that effect from Wm. B. Schaefer. Norton himself says that he does not recollect definitely about this; but he was accustomed to paying the rent promptly as provided in the lease, in order to avoid a forfeiture of the lease. He paid Schaefer the rent for the year 1920 in order to avoid a forfeiture of the lease.

According to the testimony of Schaefer, he had collected the rent before the deed was executed and the balance of the purchase price was paid by Sachs. The parties understood that the rent was payable in advance on the 15th day of January, 1920, and that Schaefer had collected it as a part of the purchase price before the sale was finally consummated. Some time in February or March, later, he made an assignment of the lease contract to S. & E. Sachs, as directed by Lewis Sachs.

As we have just seen, the testimony for the plaintiff and the defendants as to when Schaefer collected the rent was in direct and irreconcilable conflict. The trial court settled this issue in favor of the defendants, and under the settled rules of practice in this State that finding cannot be disturbed on appeal.

If Schaefer collected the rent when due, he did so before he finally consummated the sale of the land to Sachs. The question of parol reservation of the rent is not involved in this appeal, as contended by counsel for the plaintiff. The rent was payable on the 15th day January in advance, and Schaefer had a right to collect the rent when it became due. He testified that he did this before he executed the deed to Sachs. This had the ef-

fect of severing the rent of the land for the year 1920 from the fee.

It follows that the judgment must be affirmed.