ARNOLD v. GRIGSBY.

Opinion delivered April 9, 1923.

1.  CROPS—OWNERSHIP IN GENERAL.—Growing crops form part of the real estate and pass by a conveyance thereof unless a constructive severance of the crops has been made by way of reservation in the deed of conveyance.

2.  CROPS—LAND HELD IN COMMON—EFFECT OF PARTITION.—Where land held in common is partitioned, the crops planted on the land by cotenants vest in the persons to whom the several parts are awarded, as each cotenant, when he sows, knows that the land is subject to partition and may be assigned to another cotenant in severalty before the crop can come to maturity.

3.  CROPS—LIABILITY OF PURCHASER AT VOID SALE.—Where land held in common was sold under decree of court which was confirmed, and the purchaser planted a crop, but the sale to him was subsequently set aside, and a resale ordered, one who purchased at the second sale was entitled to hold the first purchaser liable only for the usual and customary rent.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*W. E. Beloate,* for appellant.

The only question for discussion is whether appellants were entitled to the crops on the land at the time of their purchase, or only to the rental value, as the lower court awarded. General rule is that growing crops form a part of the real estate, and, unless there has been a constructive severance, pass with it. *Gibbons* v. *Dillingham,* 10 Ark. 9; *Floyd* v. *Ricks,* 14 Ark. 286; *Bonta* v. *Merchants,* 173 N. Y. 292. Court erred in not rendering judgment for amount found by jury, and case should be reversed and judgment rendered on jury's verdict

*W. A. Cunningham,* for appellee.

The judgment is right on the whole case, and should be affirmed. *Williams* v. *Birdwell,* 73 Ark. 419; *Railway* v. *Randle,* 85 Ark. 129. Appellants must show affirmatively that they were entitled to more than they recovered, which they have utterly failed to do.

SMITH, J. Appellants sued to recover the value of a crop of cotton, corn and clover grown by appellee on a tract of land which they owned at the time this litigation was instituted. One John Grigsby owned the land at the time of his death, and in a suit by his heirs for partition it was ordered sold for that purpose. The decree to that effect was rendered September 3, 1919, and a sale was had under its provisions on May 29, 1920, at which time appellee became the purchaser. The answer alleged that this sale was approved and confirmed, and that appellee entered into possession of the land as purchaser after obtaining the commissioner's deed; and the truth of these allegations does not appear to be questioned.

Later one of the minor heirs of John Grigsby filed a petition to vacate the decree of sale and the decree confirming the sale to appellee, and the prayer of that petition was granted on May 31, 1921, and a commissioner was appointed and directed to resell the land. It does

not appear, from the record before us, why this order was made. At the resale appellant, Susie Grigsby, became the purchaser, and obtained a commissioner's deed dated September 20, 1921. She thereafter conveyed an undivided half interest in the land to her co-appellant, J. A. Arnold, and they brought this suit to recover the value of the crop grown during that year.

The court held as a matter of law that appellants were entitled only to the reasonable rental value of the land, and that value was submitted to a jury, and judgment was rendered in appellant's favor for the rental value of the land as fixed by the jury, and this appeal is from that judgment.

In the decree of sale under which appellants claim, there was no reservation of growing crops, nor was there any reservation of them in the commissioner's deed to Susie Grigsby as the same was confirmed.

It is settled that growing crops form part of the real estate and pass by a conveyance thereof, unless a constructive severance of the crops has been made by way of reservation in the deed of conveyance. *Floyd* v. *Ricks,* 14 Ark. 286; *Latham* v. *First Nat. Bank of Fort Smith,* 92 Ark. 315. In Freeman on Cotenancy and Partition (2nd ed.), § 532a, the law is announced as follows: "The crops growing on the land vest in persons to whom the several parts are awarded. Each cotenant is presumed to hold the property subject to the right of the others at any time to compel partition. 'His case is not within the equitable principle on which emblements are allowed by law to the outgoing tenant, because, when he sowed, he knew that the land was at any time subject to partition, on the application of his cotenants, or any of them, and of course might be divided and assigned to another cotenant, in severalty, before the crop could come to maturity.' * * *"

Appellants invoke the doctrine there announced, and cite cases sustaining it in support of their contention that, as Susie Grigsby acquired the title in a sale for par-

tition, she acquired it in severalty upon the confirmation of the deed from the commissioner to her, and that upon its confirmation her right related back to the date of the sale to her by the commissioner, and she became entitled therefore to the crop grown during that year. It does not appear when the commissioner sold to Susie Grigsby. It does appear that the decree setting aside the sale and the confirmation of the sale to Dewey Grigsby was not entered until May 31, 1921, and it also appears that he had at that time planted his crops.

The case of *Gailey* v. *Ricketts*, 123 Ark. 18, was one in which the purchaser at a commissioner's sale sued to recover the rent for the year in which he purchased. The purchaser there did not ask for the crop, but only for the rent. We held in that case that, as there had been no reservation of the rents in the decree of sale, the purchaser, upon the confirmation of the sale to him, acquired the right to the rent, his rights relating back to the date of his purchase and becoming fixed as of that date upon the confirmation of the sale.

So here Susie Grigsby's right, upon the confirmation of the sale to her, related back to the date of the sale; and, while we do not know that date, we do know it was after May 31, 1921, at which time Dewey Grigsby had planted his crop.

Dewey Grigsby was not in possession at that time as a tenant in common, whose rights to the growing crops, as against his cotenants, would be dependent upon the result of the decree of partition. He was in possession as purchaser, and, although the court held he was not entitled to hold as a purchaser, and set aside the decree under which he asserted rights as purchaser, his rights were as great at least as would have been those of an ordinary tenant who was expecting to pay rent, and it is inequitable that he should be called upon to do more than pay the usual and customary rent. Conceding that Susie Grigsby's rights related back to the date of her purchase upon the confirmation of that sale, she acquired

no greater right against appellee than to require him to pay rent. Appellee was not a trespasser. He planted his crop at a time when he was the apparent owner, and should be afforded the right which would be accorded a mere tenant who might have been in possession at the time, that of keeping his crop and paying the customary rent. This was the judgment of the court below, and it is affirmed.